**James L. RHODES and Government Employees Insurance Company, Plaintiffs-Appellants,**

v.

**E. O. LUCERO, Manuel T. Lucero, a minor, and Foundation Reserve Insurance Company, Defendants-Appellees.**

**No. 8580.**

Supreme Court of New Mexico.

Aug. 26, 1968.

Wilkinson, Durrett & Conway, Alamogordo, for appellants.

Shipley & Whorton, Alamogordo, for appellees.

OPINION

COMPTON, Justice.

This is a declaratory judgment action. A motor vehicle owned by the plaintiff Rhodes was involved in a collision with a motor vehicle owned and operated by the defendant, Manuel T. Lucero, and, as a result, the Rhodes vehicle of the value of $1,900.00 was completely destroyed.

The Rhodes vehicle was insured against loss by the plaintiff, Government Employees Insurance Company. The plaintiff insurer paid Rhodes $1,800.00 in settlement of its obligation and thereby became subrogated to the right of plaintiff Rhodes in this amount, leaving to plaintiff Rhodes a claim of $100.00 against defendant Lucero in his own right.

Defendant insurer, Foundation Reserve Insurance Company, has denied coverage, and the plaintiffs seek a declaratory judgment against the defendants to determine whether a policy of insurance issued by the alleged defendant insurer covers the defendant, Manuel T. Lucero. The defendant insurer's motion to dismiss for failure to state grounds for relief was granted. Judgment dismissing the cause with prejudice was entered, and the plaintiffs appeal.

■■ We see no error in the ruling of the court. The complaint does not present justiciable controversy between the plaintiffs and the defendant insurer. Plaintiffs hold no judgment against defendant Lucero and their rights of recovery against him are contingent. The policy itself does not confer the right to join Foundation Reserve as a party defendant in the suit, nor is such right authorized by statute. In this posture of the case, summary judgment was proper. Hale v. Fireman's Fund Insurance Company, 209 Or. 99, 302 P.2d 1010.

Another point is urged for a reversal of the judgment but, in view of the conclusion already announced, a discussion of the point is found unnecessary.

The judgment must be affirmed. It is so ordered.

CHAVEZ, C. J., and NOBLE, J., concur.