LOUIS A. BUTLER *v.* LIBERTY MUTUAL
INSURANCE COMPANY ET AL.

[No. 891, September Term, 1976.]

*Decided July 8, 1977.*

The cause was argued before THOMPSON, LOWE and MELVIN, JJ.

*Leon Shampain,* with whom were *Vaughn & Shampain* on the brief, for appellant.

*James P. Salmon,* with whom were *Sasscer, Clagett, Channing & Bucher* on the brief, for appellee Liberty Mutual Insurance Company. *William N. Rogers,* with whom were *Carr, Jordan, Coyne & Savits* on the brief, for other appellee.

MELVIN, J., delivered the opinion of the Court.

This action was brought under the Maryland version of the Uniform Declaratory Judgments Act, Md. Code (1974) §§ 3-401 to 415, Courts and Judicial Proceedings Article. The plaintiff-appellant, Louis A. Butler, filed his "Declaration for Declaratory Judgment" on 4 March 1976 in the Circuit Court for Prince George's County against the appellees, Liberty Mutual Insurance Company (Liberty Mutual) and Travelers Insurance Company (Travelers) for the stated purpose of *"obtain[ing] a declaratory judgment . . . with regard to the issue of coverage under a certain policy of insurance issued by [Liberty Mutual] to . . . E.T.&T. Leasing, Inc., or alternatively, under the Uninsured Motorist endorsement of a policy of insurance . . . issued by [Travelers] to plaintiff, both of which policies were in full force and effect on April 27, 1975".*

E.T.&T. Leasing, Inc. was also joined as a defendant in the declaratory proceedings along with Frank Anthony Dangelo, Jr. and James M. Cook. The declaration, filed at law, alleged that on 27 April 1975 appellant Butler sustained personal injuries while he was a passenger in a vehicle operated by Dangelo in the State of Florida; that the vehicle was owned by E.T.&T. Leasing, Inc. and had been leased to Dangelo and Cook and was being operated "with the permission of said owner". The declaration concluded as follows:

"3. There is presently pending in the Circuit Court for Prince George's County, Maryland, an action at law known as LOUIS A. BUTLER versus FRANK ANTHONY DANGELO, JR., et al, being Law No. 60,884, involving said accident, in which plaintiff herein is plaintiff therein.

4. Plaintiff claims that the policy of insurance issued by defendant LIBERTY MUTUAL INSURANCE COMPANY, mentioned hereinabove, was in full force and effect at the time of said accident of April 27, 1975, and that coverage should be afforded to defendants FRANK ANTHONY DANGELO, JR., JAMES M. COOK, and E.T.&T.

LEASING, INC., by said defendant insurance carrier for any liability arising from said accident, but said defendant insurance carrier declines to acknowledge that coverage is afforded to said defendants by it for said accident, for reasons not made known to plaintiff.

5. If coverage is not afforded by defendant LIBERTY MUTUAL INSURANCE COMPANY for the said accident of April 27, 1975, then plaintiff would be entitled to coverage under the Uninsured Motorists endorsement contained in his said policy with defendant TRAVELERS INSURANCE COMPANY.

6. Plaintiff is uncertain as to his rights, status, and other legal relationships arising from the failure of defendant LIBERTY MUTUAL INSURANCE COMPANY to declare the applicability of its coverage to defendants FRANK ANTHONY DANGELO, JR., JAMES M. COOK, and E.T.&T. LEASING, INC., for the said accident of April 27, 1975, and plaintiff should not be required to go through the expense of litigating the said Law No. 60,884, with the uncertainty as to whether he should have applied in the first place for coverage under his Uninsured Motorists endorsement with defendant TRAVELERS INSURANCE COMPANY.

WHEREFORE, plaintiff respectfully prays this Court by declaratory judgment to declare:

1. That coverage be afforded to defendants FRANK ANTHONY DANGELO, JR., JAMES M. COOK, and E.T.&T. LEASING, INC., jointly and severally, under the policy of insurance issued by defendant LIBERTY MUTUAL INSURANCE COMPANY to defendant E.T.&T. LEASING, INC., for any liability which may be incurred by said defendants, jointly or severally, for the personal injuries and/or property damage suffered by

plaintiff arising out of aforesaid accident of April 27, 1975;

2. Or, alternatively, that defendant TRAVELERS INSURANCE COMPANY under its Uninsured Motorist endorsement of the said policy of insurance issued to plaintiff LOUIS A. BUTLER shall afford coverage for any personal injuries and/or property damage suffered by plaintiff arising out of the aforesaid accident of April 27, 1975.

3. That plaintiff is entitled to a reasonable attorneys' fee for the prosecution of the above-entitled cause;

4. That plaintiff may have such other and further relief as the nature of this cause may require."

All defendants were duly served with process on 1 April 1976. Liberty Mutual responded by filing a Motion Raising Preliminary Objection, moving that the declaration be dismissed, for the following reasons:

"1. This Court does not have jurisdiction over the subject matter of the Declaration for Declaratory Judgment, for reason that said Declaration does not set forth the existence of a justiciable controversy.

2. The plaintiff lacks legal capacity to maintain said Declaration, and does not have standing to maintain the action, for reason that plaintiff is not a person 'interested', within the meaning of § 3-406 of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland, in whatever issues of coverage may now exist under a certain policy of insurance issued by Liberty Mutual Insurance Company to E.T.&T. Leasing, Inc.

3. For such further reasons as are contained in the Memorandum of Points and Authorities, attached hereto and made a part hereof, or as may be advanced at the hearing on this Motion."

On 7 April 1976, appellant filed "Points and Authorities in Opposition to Motion Raising Preliminary Objection" in which he perceived the issue to be:

> "Must plaintiff pursue his tort action (Law No. 60,884) to conclusion, with concomitant expenses and time loss, only to possibly learn at the conclusion thereof that he must begin all over again against his personal insurance carrier, TRAVELERS INSURANCE COMPANY, under his uninsured motorists coverage, if LIBERTY MUTUAL INSURANCE COMPANY disclaims coverage at the conclusion of the tort action?"

On 5 May 1976, a hearing was held on Liberty Mutual's motion. At the outset of the hearing, counsel for Liberty Mutual told the court that Traveler's counsel "asked me to present to the Court a line entering the appearance of his [Travelers' counsel] law firm on behalf of Travelers, and he asked me to apprise the Court they take a neutral position in this motion". The hearing proceeded. No testimony or other evidence was offered. After hearing arguments from counsel for appellant and Liberty Mutual, the court took the matter under advisement.

On 21 May 1976, appellant's counsel filed in the proceedings an "Affidavit in Support of Opposition To Motion Raising Preliminary Objection" stating that "he has made a demand for arbitration upon defendant [Travelers], pursuant to the policy of insurance between [appellant and Travelers]". Attached to the affidavit was a copy of a letter from a "Tribunals Supervisor" of the American Arbitration Association in Washington, D. C., indicating that such a demand "was filed with this office on May 18, 1976".

On 25 May 1976, Travelers filed its own Motion Raising Preliminary Objection moving that the action be dismissed on the same grounds set forth in Liberty Mutual's motion. By accompanying letter to the Clerk, counsel for Travelers stated that "[t]he issue raised in this Motion is presently under consideration by Judge Couch and, because of this, we hereby expressly waive any further Hearing on this

Motion and ask that it be submitted to Judge Couch, for consideration along with the previously filed Motion of Liberty Mutual".

Up to that time, Travelers had filed no other responsive pleading to the declaration. Travelers' counsel, however, had by letter to Judge Couch, dated 14 May 1976, with copies to counsel for appellant and Liberty Mutual, "state[d] the position" of Travelers "in the above matter". In the letter, counsel stated, *inter alia*:

"With regard to plaintiff's claim that he has standing to sue The Travelers Insurance Company, this claim falls because of the fact that there is no dispute between Travelers and its insured, Butler. We acknowledge that we afford uninsured motorist coverage to Mr. Butler and have never suggested otherwise."

On 2 June 1976, by a "Memorandum of the Court", filed in the proceedings, Judge Couch granted Liberty Mutual's motion to dismiss, and on 7 June 1976 granted Travelers' similar motion. The reason for his ruling as to both motions was stated by the judge in his memorandum:

"The Court finds that a declaratory decree should not be given unless

'there is either an actual existing controversy, or antagonistic claims which indicate inevitable litigation or when a party asserts a legal status or right and there is a denial by an adversary party, and the court is satisfied that such a decree will serve to terminate the controversy'. *Eberts v. Congress'l Country Club, supra* 197 Md. at 465. (see *Hamilton v. McAuliffe,* [277 Md. 336 (1976)]).

"The Court does not feel that the above cited requirements are present in this case and accordingly the Motion is granted."

No judgment was entered at that time in favor of either Liberty Mutual or Travelers.

Three weeks later, on 28 June 1976, the appellant filed a "Motion to Vacate and To Reconsider". The motion asked that the orders of 2 June and 7 June be vacated and reconsidered,

> "for the reason that since that time [TRAVELERS] has advised plaintiff that it would presently refuse to pay any award made to plaintiff, its insured under its uninsured motorist endorsement, because of the uncertainty as to the insured status of the operator of the vehicle in which plaintiff was a passenger, such uncertainty arising from the position taken by defendant [LIBERTY] in failing to either confirm or deny coverage for subject occurrence, as will appear more fully by reference to the letters to undersigned counsel dated June 14, 1976, and June 25, 1976, from the attorney for [TRAVELERS] in the arbitration matter, copies of which are attached hereto and made a part hereof.
>
> Further, undersigned counsel is not certain as to whether there has been a final disposition of the above-entitled cause by the said orders of June 2, 1976, and June 7, 1976, and is concerned that the appeal time may expire herein prior to disposition of instant motion, and plaintiff respectfully urges the Court to vacate its said orders at the present time, regardless of whatever the Court's inclination or disposition may be toward a decision upon reconsideration of the question of the existence of a justiciable issue in light of the recent developments, *in order that the record herein may be full and complete by the inclusion of the attached letters from the attorney for defendant* [TRAVELERS]. (Emphasis added).

The "attached letters" referred to appellant's demand for arbitration and stated Travelers' position "that this matter is not ready for arbitration because the question of

insurability is still undecided" and "that the only arbitrable matters in uninsured motorist cases are liability and extent of damages ... and we will not voluntarily arbitrate coverage questions".

On 20 August 1976 a hearing was held on appellant's motion to vacate and reconsider. Again, no testimony or other evidence was offered, the hearing consisting largely of colloquy between the court and counsel for appellant. The motion was denied and a "final judgment granting the motions of [Liberty Mutual] and [Travelers] raising preliminary objections ... [was] entered against [appellant] in favor of [Liberty Mutual] and [Travelers], and there is no just reason for delay for the entry of such final judgment, and the entry of such judgment shall be deemed a final judgment for the purpose of any such possible appeal".[1] It is from this "final order" that Butler has appealed. He raises a single issue:

"Is there a justiciable issue upon which to predicate a declaratory action?"

## I

Our short answer to the issue presented in this appeal is that if there is a justiciable issue it is not reflected by any of the pleadings or evidence that was properly presented to the court below.

In *Patuxent Co. v. Commissioners*, 212 Md. 543, 129 A. 2d 847 (1957), the Court of Appeals said:

"[I]n this State, it consistently has been held that in order to invoke the jurisdiction of the Courts for declaratory relief, there must be a justiciable issue or controversy; and, insofar as we have been informed, it is universally so held. A concise definition of what constitutes a justiciable issue or controversy is given by *Anderson* in his *Actions for Declaratory Judgments*, Vol. 1, par. 17: 'A

---

1. Because no final judgment had been entered with respect to the other defendants (Cook, Dangelo and E.T.&T. Leasing, Inc.), it was thought necessary to add this final phrase of the order to comply with Md. Rule 605.

controversy is justiciable when there are interested parties asserting adverse claims upon a state of facts which must have accrued wherein a legal decision is sought or demanded.' See also *Tanner v. McKeldin,* 202 Md. 569, 576, 577, 97 A. 2d 449; *Kirkwood v. Provident Savings Bank,* 205 Md. 48, 53, 54, 106 A. 2d 103." *Id.* at 548.

So far as Liberty Mutual is concerned, the declaration alleges only that under Liberty Mutual's insurance policy issued to E.T.&T. Leasing, Inc., "coverage should be afforded to [Dangelo, Cook and E.T.&T. Leasing, Inc.] . . . for any liability arising from said accident, but [Liberty Mutual] declines to acknowledge that coverage is afforded to said defendants by it for said accident, for reasons not made known to plaintiff". It is thus apparent that there does not now exist any actual controversy between appellant and Liberty Mutual, nor can there be until and unless appellant obtains a judgment against Liberty Mutual's alleged insured and that party refuses to pay the judgment. These contingencies may never come to pass. So far as Liberty Mutual alone is concerned, therefore, appellant is not now entitled to a declaration that Liberty Mutual's policy affords coverage to the defendants in the tort action brought by the appellant. Between appellant and Liberty Mutual there are no "[a]ntagonistic claims . . . present . . . which indicate imminent and inevitable litigation". *See* Courts Article, Code (1974), § 3-409 (a). *See also Hale v. Fireman's Fund Insurance Company, et al,* 302 P. 2d 1010 (Oregon); *Park v. Safeco Insurance Company of America,* 162 S.E.2d 709 (S.C.); *Hartford Acc. & Indem. Co. v. Hale,* 168 S.E.2d 204 (Ga.); and *Indemnity Insurance Company of North America v. Kellas,* 173 F. 2d 120 (1st Cir.), for the proposition that no declaratory relief is available to a plaintiff who attempts to litigate the question of whether an alleged tort feasor has insurance coverage prior to judgment against that tort feasor.

## II

If we correctly understand appellant's principal argument on appeal, it is that even if he has not presented a justiciable

issue for declaratory relief against Liberty Mutual alone, his real complaint is against Travelers and that it was necessary to join Liberty Mutual as a party defendant because Liberty Mutual would be affected by any determination concerning the status (insured or uninsured) of the alleged tort feasors in the April 1975 accident. We therefore now look to see whether the appellant has presented a case for declaratory relief against Travelers. If he has and Liberty Mutual would be affected by such a declaration, then, of course, Liberty Mutual is a necessary party. *See* Courts Article Code (1974), § 3-405 (a).

Appellant's declaration, however, alleges no controversy whatsoever with Travelers. It is alleged only that "[i]f coverage is not afforded by [Liberty Mutual] for the said accident of April 27, 1975, then plaintiff would be entitled to coverage under the Uninsured Motorists endorsement contained in his said policy with defendant [Travelers]". It is not alleged that Travelers disagrees with that allegation or in any other manner takes an antagonistic position. Appellant nevertheless insists that there is a controversy. He states that "TRAVELERS' position as to arbitration is antagonistic to appellant's claim"; he says that, "the appellant has clearly stated a right to arbitration which has been denied by appellee Travelers". Nowhere in the *pleadings* do we find where appellant has alleged the "right", under the uninsured motorist endorsement of Travelers' policy, "to arbitration", or that Travelers has denied that right, or what issue appellant claims the right to arbitrate. So far as his declaration is concerned, appellant's only "claim" is that he has a right to a determination by way of a declaratory judgment of which insurance company will be responsible for the payment of any judgment he may ultimately obtain against the alleged tort feasors.

Appellant is apparently under the mistaken impression that he has presented a justiciable issue merely by the fact that his counsel wrote Judge Couch a letter dated 17 May 1976, twelve days after the 5 May hearing, in which he informed the judge that "we are this day filing a request with the American Arbitration Association for an

arbitration hearing of our claim against Travelers under our uninsured motorist endorsement". A copy of the request was attached to the letter. The attachment included what purported to be a copy of an uninsured motorist endorsement, presumably contained in Travelers' policy. The letter was followed by an "Affidavit in Support of Opposition to Motion Raising Preliminary Objection", filed 21 May 1976, in which it was stated that appellant's counsel has "made a demand for arbitration upon" Travelers. Neither Travelers' policy nor the uninsured motorist clause thereof, however, has ever been introduced in evidence at any hearing before the court or made a part of or requested to be regarded as a part of any pleading in the case.

The nearest appellant has come to alleging an actual controversy with Travelers is found in his motion to vacate and reconsider, filed 28 June 1976, three weeks after the court had ruled on the two motions raising preliminary objections. One of the grounds for appellant's motion was the allegation that after the court's rulings Travelers had "advised plaintiff that it would presently refuse to pay any award made to plaintiff . . . because of the uncertainty as to the insured status of the operator of the vehicle in which plaintiff was a passenger . . . ." No amendment was made to appellant's declaration to reflect this "controversy". Nor was any attempt made, at the hearing on the motion to vacate and reconsider, to introduce as evidence either of the letters allegedly written by Travelers' counsel confirming Travelers' position that it would not voluntarily arbitrate the question of whether the alleged tort feasors were insured or uninsured. Nor, as we have previously indicated, were the contents of the uninsured motorist clause of Travelers' policy, showing what, if any, rights to arbitration appellant may have against Travelers, and which of those rights, if any, have been denied to appellant by Travelers, ever alleged by amendment to appellant's declaration. In short, appellant's declaration does not allege any right to arbitration that has been thwarted by Travelers' refusal to either admit or deny coverage under the uninsured motorists provisions of its insurance policy and that a judicial determination of the

coverage issue is necessary to enable him to exercise that right. *Compare, Jones v. New Amsterdam Casualty Co.,* 213 So. 2d 502 (Fla.).

We conclude that the appellant's pleadings do not state a cause of action giving the court jurisdiction to entertain a declaratory proceeding and that in the circumstances Judge Couch was correct in granting the dismissal motions of both Liberty Mutual and Travelers filed pursuant to Maryland Rule 323 (Motion Raising Preliminary Objection).

*Judgments affirmed.*
*Costs to be paid by appellant.*