**FARMERS INSURANCE EXCHANGE and American States Insurance Company, Petitioners,**

v.

**The DISTRICT COURT FOR the FOURTH JUDICIAL DISTRICT, State of Colorado, and the Honorable Richard V. Hall, as one of the Judges of the District Court, Respondents.**

No. 93SA189.

Supreme Court of Colorado, En Banc.

Nov. 22, 1993.

---

Levy & Lambdin, Professional Corporation, Suzanne Lambdin, Martha C. Ferris, Scott P. Landry, Englewood, for petitioner Farmers Ins. Exchange.

Kane, Donley & Shaffer, E. William Shaffer, Colorado Springs, for petitioner American States Ins. Co.

Sears, Anderson & Swanson, P.C., Lance M. Sears, Victoria C. Swanson, Colorado Springs, for plaintiff Patricia Neely and on behalf of respondents.

Justice VOLLACK delivered the Opinion of the Court.

In this original proceeding, petitioner Farmers Insurance Exchange asks us to prohibit the district court from hearing a declaratory judgment action brought by Patricia Neely against the petitioner, American States Insurance Company, and Earl Bryant for lack of standing. We issued a rule to show cause and now make the rule absolute.

The underlying suit involves Patricia Neely's claim against Earl Bryant for injuries she suffered in an automobile accident allegedly caused by Bryant's negligence. The issue before this court is whether Neely has standing to bring a declaratory judgment action against the insurance companies obligated to indemnify Bryant. During settlement negotiations, Farmers Insurance Exchange (Farmers) posited that its liability was limited to $25,000. Farmers offered to settle for that amount. Neely responded by bringing this declaratory judgment action asking the court to decide whether the contract obligating Farmers to indemnify Bryant, if Bryant is found negli-

gent, is limited to $25,000. We hold that Neely does not have standing to bring the declaratory judgment action.

I.

Neely and Bryant were involved in an automobile collision on January 25, 1990, in Colorado Springs. According to the police report, the car driven by Bryant struck the side of Neely's 1972 Pontiac Grand Ville as Neely entered an intersection on a green light. Both Bryant and Neely were taken to St. Francis Hospital, where Bryant was admitted for treatment. Neely, who was sixty-two at the time of the accident, was treated for a contusion to the left thigh and released.

Bryant, who was eighteen years old when the accident occurred, was driving a 1987 Chrysler LeBaron owned by Kenneth Twyford. Bryant was living at the Twyford residence and had permission to use the car. Two insurance policies potentially provide coverage for Bryant's accident with Neely: a Farmers policy that provided liability coverage for damages caused by the Chrysler owned by Twyford, and an American States policy issued to Bryant's mother.

On September 4, 1991, Neely and her spouse filed an action in El Paso County District Court against Bryant for injuries she sustained in the auto accident. Neely's complaint stated that she

suffered physical injuries to her knee, shoulder and back as well as a closed head injury. These injuries may be permanent and disabling. As a result of these injuries, the Plaintiff has endured excruciating pain and suffering and will continue to endure pain and suffering in the future.

Neely further averred that she

has incurred medical expenses which at the time of filing this Complaint have a reasonable value in excess of $2,500....

As a further direct result of the Defendant's negligent conduct the Plaintiff has suffered lost earnings and will continue to suffer lost earnings in the future

along with a diminution in her earning capacity.

Neely's spouse asserted a claim for loss of consortium.

During the settlement negotiations, Farmers took the position that its liability coverage for Bryant's accident was limited to the statutory minimum of $25,000, even though the usual limit for bodily injury under Twyford's policy was $100,000.[1] Farmers based its assertion on the "Other Insurance" clause in the policy, which states:

> We will not provide insurance for a person, other than you or a family member, if that person has other insurance applicable to a loss covered by this part with limits equal to at least those of the Colorado Financial Responsibility Law.

> If there is no other insurance then the insurance provided to that person will be limited to the requirements of the Colorado Financial Responsibility Law.

Farmers, through Bryant's attorney, made an offer of settlement for $25,000 on October 1, 1992.

On February 9, 1993, Neely's attorney filed a complaint for declaratory relief, asking the court to rule that Farmers, under its insurance policy with Twyford, would be obligated to pay up to $100,000 if Neely were to obtain a judgment against Bryant. Neely relied on several grounds. The complaint cited the provision of the Farmers policy that promised to pay "damages for which any insured person is legally liable because of bodily injury to any person" and noted that an insured person is defined in the policy as "[a]ny person using your insured car." The complaint also reported that "the liability limits for bodily injury under the policy are ONE HUNDRED THOUSAND ($100,000.00) DOLLARS per person per incident." Further, Neely's complaint stated, "It is the Plaintiff's position that FARMER's [sic] attempt to limit coverage is inconsistent with the express terms of its policy, with Colorado law and with corresponding construction of the AMERICAN STATES policy." Neely's

complaint concluded that "[a]n actual controversy has arisen which warrants resolution because Plaintiff's counsel cannot properly assess the Settlement Offer as submitted, advise the Plaintiff and negotiate with the various carriers without judicial construction of the underlying insurance contract."

The trial court held a hearing on Farmers' and American States' motion to dismiss Neely's request for declaratory relief. The insurance companies' motion to dismiss was denied. The court ruled that "a declaratory judgment action is not only allowable, but desirable, to get the question settled quickly, because it will have an effect on the parties' rights and status, or it will be, in the language of the cases, removing an uncertainty." As legal grounds for its ruling, the court relied on the statutory policy that the declaratory judgment act is to be liberally construed and administered. Acknowledging that there were no Colorado cases that directly applied to the situation, the trial court relied on and extended the court of appeals' decision in *Beeson v. State Automobile and Casualty Underwriters*, 32 Colo.App. 62, 508 P.2d 402, *aff'd on other grounds*, 183 Colo. 284, 516 P.2d 623 (1973), to find that Neely had standing to bring a declaratory judgment action against the insurance companies.

In *Beeson,* a child sitting in an automobile was struck in the eye by a set of keys her uncle threw from the third-story window of a family-managed apartment building. There were several potential negligent parties, among them the uncle who threw the keys and managed the apartment building, the mother who drove the car, and the grandparents who owned the apartment building. Four insurance companies were represented in the proceedings. The child, through her father, brought an action asking the court to determine which of the policies issued by the four insurance companies would provide coverage for her injury. All of the family members and their insurance companies signed a stipula-

---

**1.** The parties did not provide copies of the insurance policies issued by Farmers or American States. We rely on quotes from the policies included in the parties' briefs.

tion submitting themselves to the court for a determination of the policies' coverage. The losing insurance companies appealed the substantive decision of the court. None of them raised the question of whether the child had standing to bring the action. Neither the court of appeals nor this court addressed the issue of standing.

Farmers is petitioning this court for a writ of prohibition to prevent the district court from proceeding with the declaratory judgment action. Farmers asserts that Neely lacks standing to bring a direct action against Farmers and American States and that, in hearing the declaratory judgment action, the trial court would be proceeding in excess of its jurisdiction. We hold that, because Neely does not have standing to pursue a declaratory judgment action against the insurance companies representing Bryant, the trial court abused its discretion in assuming jurisdiction over the declaratory judgment matter.

## II.

Farmers brought this action requesting a writ of prohibition to the trial court under Colorado Appellate Rule 21(a). Such relief is properly sought from this court when the district court is proceeding without or in excess of its jurisdiction.

An action for a declaratory judgment is appropriately used to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations. §§ 13–51–102 to –115, 6A C.R.S. (1987) (the "Uniform Declaratory Judgments Law"). The Uniform Declaratory Judgments Law spells out who may obtain a declaration:

Any person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain

a declaration of rights, status, or other legal relations thereunder.

§ 13–51–106, 6A C.R.S. (1987).

A declaratory judgment action must be based on an actual controversy. *Community Tele–Communications, Inc. v. Heather Corp.*, 677 P.2d 330 (Colo.1984); *Beacom v. Board of County Comm'rs*, 657 P.2d 440 (Colo.1983). To have standing to bring a declaratory judgment action, a plaintiff must assert a legal basis on which a claim for relief can be grounded. The plaintiff must allege an injury in fact to a legally protected or cognizable interest. *Board of County Comm'rs, La Plata County v. Bowen/Edwards Assocs.*, 830 P.2d 1045 (Colo.1992); *Wimberly v. Ettenberg*, 194 Colo. 163, 570 P.2d 535 (1977). "Indirect and incidental pecuniary injury ... is insufficient to confer standing." *Ettenberg*, 194 Colo. at 168, 570 P.2d at 539.

A declaratory judgment action is only appropriate when the rights asserted by the plaintiff are present and cognizable ones. "It calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 242, 57 S.Ct. 461, 465, 81 L.Ed. 617 (1937). If entered, a declaratory judgment would effect a change in the plaintiff's present rights or status. "It is not the function of the courts, even by way of declaration, to adjudicate ... in the absence of a showing that a judgment, if entered, would afford the plaintiff present relief." *Taylor v. Tinsley*, 138 Colo. 182, 183, 330 P.2d 954, 955 (Colo.1958).

A declaratory judgment action properly resolves an existing question or legal controversy. "Declaratory judgment proceedings may not be invoked to resolve a question which is non-existent, even though it can be assumed that at some future time such question may arise." *Id.* at 183–84, 330 P.2d at 955; *see also Heron v. City and County of Denver*, 159 Colo. 314, 411 P.2d 314 (1966). "What is required for purposes of satisfying the standing requirement is that the plaintiff demonstrate that there is an existing legal controver-

sy[,] ... not a mere possibility of a future legal dispute over some issue." *Bowen/Edwards Assocs.*, 830 P.2d at 1053. The court "should refuse to answer speculative inquiries." *Mulcahy v. Johnson,* 80 Colo. 499, 512, 252 P. 816, 821 (1927).

The issue of whether a plaintiff may bring a declaratory judgment action against a defendant's insurance company, before obtaining a judgment against the defendant, is one of first impression for this court. However, other states that have considered the question have ruled that a plaintiff does not have standing to bring such an action. In *Park v. Safeco Ins. Co.,* 251 S.C. 410, 162 S.E.2d 709 (1968), the plaintiff in an automobile collision suit brought a declaratory judgment action against the defendant's insurance company when the insurance company denied that its policy afforded the defendant any coverage. The Supreme Court of South Carolina ruled that the plaintiff had no standing to bring the declaratory judgment action until he established the defendant's liability. "[N]o right to recover can accrue to plaintiff against [the] insurance company until and unless [defendant] becomes liable to pay." *Id.* 162 S.E.2d at 710. In another declaratory judgment action, ancillary to an automobile accident personal injury suit, the plaintiff asked an Oregon court to decide whether the defendant's insurance company would be required to pay any future judgment against the defendant, who was insolvent. *Hale v. Fireman's Fund Ins. Co.,* 209 Or. 99, 302 P.2d 1010 (1956). The Oregon Supreme Court ruled that, because the plaintiff had not yet obtained a judgment, "the purported rights upon which the plaintiff depends are too remote and contingent to be appropriate for declaratory relief." *Id.* 302 P.2d at 1014. In *Rhodes v. Lucero,* 79 N.M. 403, 444 P.2d 588 (1968), the Supreme Court of New Mexico also held for the defendant insurance company in a declaratory judgment action, stating that "[t]he complaint does not present [a] justiciable controversy between the plaintiffs and the defendant insurer. Plaintiffs hold no judgment against defendant Lucero and their rights of recovery against him are contingent."

*Id.* 444 P.2d at 589. For an analogous holding, also see *Butler v. Liberty Mutual Insurance Co.,* 36 Md.App. 684, 375 A.2d 576, 581 (1977) (ruling that "no declaratory relief is available to a plaintiff who attempts to litigate the question of whether an alleged tort feasor has insurance coverage prior to judgment against that tort feasor.").

### III.

In this case, Neely has not yet obtained a judgment against the defendant Bryant. She has no legally protected right or cognizable interest at stake unless and until she has established Bryant's liability. Her rights are contingent on her successful litigation of the personal injury suit. When the rights of the plaintiff are contingent on the happening of some event which cannot be forecast and which may never take place, a court cannot provide declaratory relief. At this time in the litigation, a declaratory judgment would not change Neely's legal rights or status. There is no existing legal controversy between Neely and Farmers Insurance sufficient to warrant a declaratory judgment action.

Neely points out that the legislature intended that the Uniform Declaratory Judgments Law should be liberally construed and administered, *see* § 13–51–102, 6A C.R.S. (1987), but she asks the court to extend it to an unacceptable limit. The effect of her request is to ask the court to help her decide whether she should accept Farmers' settlement offer. Only she and her attorney can decide whether her claim is worth more than $25,000 and whether they should go to trial if they believe Farmers' settlement offer is too low.

Neely cites several Colorado cases in which insurance companies and insured persons have invoked the Uniform Declaratory Judgments Law to determine whether coverage existed or to ascertain the liability limits of an insurance policy. *See, e.g., American Family Mut. Ins. Co. v. Bowser,* 779 P.2d 1376 (Colo.App.1989) (involving a declaratory judgment action filed by an insurance company after the insured

made a claim under the policy, and the insurance company asserted it was not liable to pay for fire damage when there was proof of arson by the insured); *O'Herron v. State Farm Mut. Auto. Ins. Co.*, 156 Colo. 164, 397 P.2d 227 (Colo.1964) (involving a declaratory judgment action filed against the plaintiff by the defendant's insurance company, after the plaintiff had obtained a judgment against the defendant and the insurance company denied liability). However, these cases arose only after the insured has made a demand on the insurance company to defend a lawsuit or to pay a claim or judgment. Neely implies that we should extend these holdings to afford standing to a plaintiff in her position. In these cases, however, a clear controversy existed between the litigants, and there were legally protected, often contractual, interests at stake. We decline to extend them to confer standing to a plaintiff in Neely's situation, who lacks a judgment against the defendant and who has no legal rights against the insurance company.

The trial court relied on *Beeson v. State Automobile and Casualty Underwriters,* 32 Colo.App. 62, 508 P.2d 402, *aff'd on other grounds,* 183 Colo. 284, 516 P.2d 623 (1973), to support its conclusion that Neely has standing to bring a declaratory judgment action. We do not believe that *Beeson* should be applied in this case and conclude that the trial court erroneously relied on *Beeson* to resolve the standing issue. In deciding *Beeson,* neither this court nor the court of appeals addressed the question of whether the injured child had standing. The issue was not litigated. Instead, all of the parties, including the insurance companies, stipulated that they wanted the trial court to decide the issue of which policy would cover the injury to the child. Here, the insurance companies are not willing participants in the declaratory judgment action. To the extent that *Beeson* can be read to allow a plaintiff to pursue a declaratory judgment action against the insurance company of a defendant against whom she has not obtained a judgment of liability, we disapprove of it.

## IV.

 A trial court may not provide declaratory relief to a plaintiff who attempts to litigate the question of the limits of an alleged tortfeasor's insurance coverage prior to judgment against the tortfeasor. Patricia Neely does not have standing to bring a declaratory judgment action against the insurers of Earl Bryant. Until her claim is reduced to judgment, she has no legally protected rights or cognizable interest vis-a-vis the insurance companies. Because Neely does not have standing to bring the declaratory judgment action, we hold that the trial court abused its discretion in assuming jurisdiction and not dismissing the declaratory judgment action. The rule is made absolute.

ERICKSON, J., does not participate.