805 A.2d 1167

**Marcia HOWARD**

**v.**

**MONTGOMERY MUTUAL INSURANCE COMPANY.**

**No. 404, Sept. Term, 2001.**

Court of Special Appeals of Maryland.

Aug. 29, 2002.

Melvin G. Bergman of Beltsville, for appellant.

Stacey A. Moffat (Edward J. Hutchins, Jr., and Eccleston & Wolf, P.C., on the brief), Baltimore, for appellee.

Argued before KENNY, ADKINS, and THEODORE G. BLOOM, (Retired, specially assigned) JJ.

BLOOM, J.

This appeal by Marcia Howard is from the entry of summary judgment by the Circuit Court for Prince George's County in favor of Montgomery Mutual Insurance Company ("Montgomery"). Appellant had sought a declaration as to whether a policy of insurance issued by Montgomery provided liability insurance coverage for the potential tort liability of its insured to Howard in a separate action for damages that had been filed by appellant and her husband. The circuit court entered judgment for the insurer, ruling that appellant lacked standing to pursue the instant declaratory judgment action.

On appeal, Ms. Howard contests the circuit court's refusal to entertain her declaratory judgment action, and she asks us to determine whether the circuit court erred in ruling that she did not have standing to bring this action for declaratory judgment. She also specifically challenges the circuit court's right to address her standing in the first place, asserting that this question had previously been decided in her favor by another judge of the circuit court, who had denied Montgomery's motion to dismiss the declaratory judgment suit. Montgomery urges that we affirm the circuit court, contending that "Maryland Courts have consistently prohibited tort claimants from bringing pre-suit declaratory judgment actions against the tortfeasors' insurers."

We agree with appellant that the circuit court erred in granting summary judgment dismissing her declaratory judgment action. We also conclude that the circuit court erred in

failing to issue a declaratory judgment. We shall therefore vacate the entry of summary judgment and remand this case to the circuit court to declare the respective rights of the parties.

## FACTS AND PROCEDURAL BACKGROUND

The parties have stipulated to the pertinent facts, *see* Md. Rule 8–501(g), thus rendering the material facts in this case largely undisputed.[1]

Appellant was an employee of Cellular One at its facility located at an industrial building at 5700 Sunnyside Avenue in Beltsville. On 7 November 1995, that building was also home to Property Cleaning Management Services, Inc. (PCM). The parties stipulated that "PCM is in the business of performing asphalt, concrete, seal coating, line painting and power washing services." It occupies approximately 9,000 square feet of the building at 5700 Sunnyside Avenue.

On 7 November 1995, a PCM employee was cleaning equipment in one of the company's service bays when a small amount of gasoline (less than an 8 ounces), which was being used as a paint thinner, spilled onto the service bay floor. Ms. Howard asserts that the spill caused the gasoline fumes to migrate throughout the building's heating ducts to her office at Cellular One and that she inhaled those vapors, thus exacerbating a pre-existing bronchial condition. In the wake of this incident, appellant and her husband sued PCM in the Circuit Court for Prince George's County, seeking damages for personal injuries allegedly suffered by appellant as a result of the gasoline spill.

Montgomery Mutual had issued to PCM a policy of liability insurance, Commercial General Management policy No. CPP–

---

1. We would, in any event, view the record in the light more favorable to Howard as the non-moving party in this review of the circuit court's grant of summary judgment. *See Mayor and City Council of Baltimore v. Ross*, 365 Md. 351, 359, 779 A.2d 380 (2001). These facts were likewise submitted to the court below in an "Agreed upon Statement of Undisputed Facts."

100–73–43. That policy was in effect on 7 November 1995. When notified of the incident in question, Montgomery denied coverage to PCM under its liability policy, explaining that the policy's "pollution exclusion" removed the gasoline spill and its effects from the scope of the policy's coverage. Montgomery therefore would neither defend PCM in the tort action brought by the Howards nor indemnify that company for any resulting judgment against PCM in favor of the Howards in their action against PCM.

The suit by the Howards against PCM was filed on 26 March 1997. Ms. Howard filed this declaratory judgment action on 13 September 1999, asserting that Montgomery had a duty both to defend and indemnify PCM in the underlying tort suit. She sought a declaration to resolve the issue of the nature and extent of the coverage afforded PCM by the liability policy issued by Montgomery. The tort action was stayed pending the court's declaration as to coverage.

Pursuant to Maryland Rule 2–322, Montgomery moved to dismiss the declaratory judgment action, asserting that, "under Maryland law, a third party may not bring a direct action against the tortfeasor's insurance company prior to the entry of judgment against the tortfeasor." That motion was denied by the circuit court.

Montgomery later filed a motion for summary judgment, seeking to end the declaratory judgment action on the basis that it could avoid coverage because the pollution exclusion clause in the CGL policy that it had issued to PCM precluded coverage for the gasoline spill. The circuit court entered summary judgment in favor of Montgomery on the sole basis that appellant lacked standing to bring a declaratory judgment action to determine the nature and extent of coverage under PCM's policy. The court explained:

A party asserting standing must have a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy.... The Plaintiff in the case *sub judice* lacks standing to seek redress as it is not an insured covered by the insurance policy from which this litigation

arose and therefore does not have a legally protectible interest.... The insurance policy was by and between PCMI and Montgomery and, therefore, Howard cannot assert rights on PCMI's behalf. Without a legally protectible right, Howard's apparent interests cannot be asserted through the current litigation.... This Court interprets *Harford* [*Mutual Insurance Co. v. Woodfin Equities Corp.*, 344 Md. 399, 687 A.2d 652 (1997)] to support the Maryland law precept that a third party may not bring a direct action against the tortfeasor's insurance company prior to an entry of judgment against the tortfeasor.... In the case at bar an action may only be litigated by Howard against Montgomery subsequent to a favorable result against the insured party, PCMI.

Having ruled that appellant lacked standing to bring this action, the circuit court explicitly declined to reach the issue of whether the declaratory judgment action presented issues separate and independent from the tort claim. The court subsequently denied appellant's motion to alter or amend judgment, and this appeal followed.

## DISCUSSION

### I.

Tangentially, appellant asserts that, prior to the order granting appellee's motion for summary judgment, another judge of the same court had correctly ruled, in effect, that she had standing to maintain this action when he denied appellee's motion to dismiss her complaint. Denial of a motion to dismiss a complaint for lack of standing is not, of course, equivalent to a ruling that the plaintiff does have standing. In any event, the denial of appellee's motion to dismiss was an interlocutory order, which did not constitute the law of the case or preclude another judge from considering appellee's subsequent motion for summary judgment. It certainly does not prevent our review of that judgment. *See Baltimore Police Department v. Cherkes*, 140 Md.App. 282, 301–02, 780 A.2d 410 (2001) (law of case doctrine inapplicable

between courts of coordinate jurisdiction before entry of final judgment). Howard also asserts, tangentially, that the circuit court, *sua sponte,* considered the matter of her standing. But standing is a requirement of justiciability, and a court may notice its absence on its own initiative. *See Adams v. Manown,* 328 Md. 463, 480, 615 A.2d 611 (1992). Accordingly, the court was authorized to decide this matter on its own motion.

We raise, *nostra sponte,* an issue concerning the circuit court's resolution of the declaratory judgment. The court's entry of summary judgment without the issuance of a declaration requires close scrutiny. Cases addressing the dismissal of declaratory judgment actions are apposite, because in this instance the court determined that, without the requisite standing, appellant, as a matter of law, was not entitled to judgment. The Court of Appeals has emphasized, "time after time, that dismissal 'is rarely appropriate in a declaratory judgment action.'" *Christ v. Maryland Dept. of Natural Resources,* 335 Md. 427, 435, 644 A.2d 34 (1994) (quoting *Popham v. State Farm Insurance Co.,* 333 Md. 136, 139–41, n. 2, 634 A.2d 28 (1993)). Judge Smith, writing for the Court, observed that "[n]umerous of our cases have said that in a declaratory judgment action the court must declare the rights of the parties." *Broadwater v. State,* 303 Md. 461, 468, 494 A.2d 934 (1985); *see generally Jackson v. Millstone,* 369 Md. 575, 592–95, 801 A.2d 1034 (2002); *East v. Gilchrist,* 293 Md. 453, 461 n. 3, 445 A.2d 343 (1982); *Pressman v. D'Alesandro,* 211 Md. 50, 54, 125 A.2d 35 (1956); *Key Federal Sav. & Loan Association v. Anne Arundel County,* 54 Md.App. 633, 642–43, 460 A.2d 86 (1983).

There are, however, occasions when it may be proper for a circuit court to dismiss a declaratory judgment action or enter judgment against a plaintiff in an action in which no legal remedy would be available, and thus avoid the requirement that it declare the respective rights and obligations of the parties before it. *See Broadwater,* 303 Md. at 468–69, 494 A.2d 934; *see also Popham,* 333 Md. at 139–41 n. 2, 634 A.2d 28. In *State v. Burning Tree Club, Inc.,* 301 Md. 9, 481 A.2d

785 (1984), for example, the Court of Appeals concluded that the Attorney General of Maryland lacked the requisite standing to bring a declaratory judgment action to challenge the constitutionality of an enactment of the General Assembly. *Id.* at 26, 37, 481 A.2d 785.

We are, therefore, required to determine whether appellant possessed the requisite standing to commence this declaratory judgment action. If she did, the circuit court erred, and doubly so by failing to declare the rights of the parties as sought by appellant's complaint.

## II.

■ "Standing to bring a declaratory judgment is the same as for other cases; there must be a 'legal interest' such as 'one of property, one arising out of a contract, one protected against tortious invasion, or one founded on a statute which confers a privilege.'" *Committee for Responsible Development on 25th Street v. Mayor and City Council of Baltimore,* 137 Md.App. 60, 72, 767 A.2d 906 (2001) (quoting *Baltimore Steam Co. v. Baltimore Gas & Electric Co.,* 123 Md.App. 1, 15, 716 A.2d 1042 (1998), *vacated as moot,* 353 Md. 142, 725 A.2d 549 (1999)). "Generally, whether a party has standing to sue depends on whether that party has an actual, real and justiciable interest susceptible of protection through litigation." *Mayor and City Council of Ocean City v. Purnell–Jarvis, Ltd.,* 86 Md.App. 390, 403, 586 A.2d 816 (1991) (citing 1A C.J.S. *Actions* § 60(a) (1985)). A person has "standing in the sense that [he or she] is entitled to invoke the judicial process in a particular instance." *Adams,* 328 Md. at 480, 615 A.2d 611. Standing to obtain declaratory relief is important because a declaratory judgment action "calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts." *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 242, 57 S.Ct. 461, 81 L.Ed. 617 (1937).

■ As a threshold matter, therefore, we must determine whether appellant is permitted to bring such an action in the first instance. This Court concluded, in *Butler v. Liberty*

*Mutual Ins. Co.*, 36 Md.App. 684, 375 A.2d 576 (1977), a declaratory judgment action brought by an injured party against the tortfeasor's liability insurer, that the circuit court was without jurisdiction to entertain a declaratory proceeding in which a tort plaintiff sought to litigate the question of tort coverage prior to obtaining a judgment against the insured tortfeasor. We there stated:

> [T]here does not now exist any actual controversy between appellant and Liberty Mutual, nor can there be until and unless appellant obtains a judgment against Liberty Mutual's alleged insured and that party refuses to pay the judgment. These contingencies may never come to pass. So far as Liberty Mutual alone is concerned, therefore, appellant is not now entitled to a declaration that Liberty Mutual's policy affords coverage to the defendants in the tort action brought by the appellant. Between appellant and Liberty Mutual there are no "[a]ntagonistic claims ... present ... which indicate imminent and inevitable litigation."

*Id.* at 692, 375 A.2d 576.

In *Butler*, the plaintiff was injured while a passenger in a vehicle insured by Liberty Mutual. The passenger sued the driver of the vehicle, but the insurance company denied coverage. While the tort action was pending, the injured passenger filed a declaratory judgment action against the insurance company and driver of the vehicle. This Court affirmed the circuit court's dismissal of the declaratory judgment action on the ground that the passenger's action could not be maintained because, under those circumstances, an actual controversy between the passenger and the insurance company would not exist under the Uniform Declaratory Judgment Act. *Butler*, 36 Md.App. at 692, 375 A.2d 576. This Court also affirmed the dismissal of Butler's declaratory judgment action against his own insurer, Traveler's Insurance Company, with respect to Butler's entitlement to coverage under an uninsured motorist's provision, because Butler's declaration "allege[d] no controversy whatsoever with Travelers." *Id.* at 693, 375 A.2d 576.

The rule in *Butler* was reaffirmed in *Anne Arundel County v. Ebersberger,* 62 Md.App. 360, 369, 489 A.2d 96 (1985), and later implicitly recognized in *Benning v. Allstate Ins. Co.,* 90 Md.App. 592, 595–96, 602 A.2d 233 (1992). It was again reaffirmed in *Woodfin Equities Corp. v. Harford Mutual Ins. Co.,* 110 Md.App. 616, 632, 678 A.2d 116 (1996), *aff'd* in part on other grounds and *rev'd* in part, 344 Md. 399, 687 A.2d 652 (1997), in which we said:

> [B]efore an injured party may sue an insurer directly, the injured party must first obtain a judgment against the insured and that judgment must be returned unsatisfied, or the insured must refuse to pay it.

Nevertheless, we held that Woodfin, the owner of property damaged as a result of negligent installation by a contractor of a heating and air conditioning unit on Woodfin's property, could maintain a declaratory judgment action against the contractor's insurance company, which had denied coverage. Woodfin had obtained a default judgment in its suit against the contractor, which had no assets. Even though the default judgment was not final, it was a valid judgment that complied with the rule announced in *Butler.*

The Court of Appeals reversed in part and affirmed in part this Court's decision. *Harford Mutual Insurance Co. v. Woodfin Equities Corp.,* 344 Md. 399, 687 A.2d 652 (1997). The reversal in part was based on the failure of the trial court to issue a declaratory judgment; it had merely dismissed the suit. What was affirmed was the holding that (1) Woodfin had standing to bring the declaratory judgment action against Harford Mutual and (2) that the insurance policy in question did cover certain damages sustained by Woodfin. The Court of Appeals expressly disagreed, however, with the legal principle advanced by Harford and accepted by this Court, and with this Court's reasoning with respect to the ability of a tort victim to bring a declaratory judgment action against the tortfeasor's insurer before obtaining a judgment.

Hartford, relying on Maryland Code (1957, 1994 Repl.Vol.), Art. 48A, § 481 (now Maryland Code (1997, 2002 Repl.Vol.),

§ 19–102 of the Insurance Article), maintained that an injured party may never bring a declaratory judgment or other action against the liability insurer of the person or entity causing the injury until the injured party has obtained a judgment against the insured defendant and that judgment has been returned unsatisfied after execution. The statute referred to provides that each liability policy issued in this state shall provide, inter alia, that:

> (2) if an injured person or another person claiming by, through, or under the injured person is unable, after execution on a final judgment entered in an action against an insured, to recover the full amount of the final judgment, the person may bring an action against the insured's insurer in accordance with the terms of the policy for the lesser of the amount of the judgment recovered in the action against the insured or the amount of the policy.

This Court agreed with that position asserted by Harford, which was consistent with our earlier opinion in *Butler v. Liberty Mutual Ins. Co., supra.* In its decision, however, the Court of Appeals stated that Harford's argument, as well as the view that this Court took in *Woodfin* and in *Butler* were "directly inconsistent" with prior opinions of that Court, and pointed out that, with regard to Art. 48A, § 481, it had held that " '[t]he statute . . . does not purport to set forth the earliest time under Maryland law when a direct action may be maintained by the injured tort claimant against the defendant's liability insurer.' " *Woodfin,* 344 Md. at 411, 687 A.2d 652 (quoting *Washington Transit v. Queen,* 324 Md. 326, 332, n. 4, 597 A.2d 423 (1991)). The Court noted that "[t]he purpose of § 481, as shown by its plain language, was to prevent liability insurance companies from imposing certain requirements and relying on certain defenses." *Woodfin,* 344 Md. at 411, 687 A.2d 652.

With respect to the issue of whether appellant was permitted to bring a declaratory judgment action while its suit against PCM was still pending, we note that the Court of Appeals also observed:

The controlling principle has been that public policy frowns upon the injection of liability insurance in legal proceedings at which the insured defendant's underlying tort liability is being determined; the "matter of liability insurance is irrelevant to the issue of the defendant's liability and is highly prejudicial." . . .

Consequently, we have sanctioned "declaratory judgment actions by or against the tortfeasor's liability insurer, in advance of a determination of liability in a tort suit, . . . when the issues in the declaratory judgment action are independent and separable from the claims of the tort claimant[.]"

*Id.* at 412, 687 A.2d 652 (citations omitted). The Court then observed:

Maryland public policy ordinarily does preclude an injured claimant from initially bringing a *direct action* against the tortfeasor's liability insurer to litigate the matter of the insured's tort liability, as *distinguished from a declaratory judgment action* concerning separate and independent policy coverage issues. . . .

*Id.* at 413, 687 A.2d 652 (emphasis added). Continuing, the Court stated:

[P]rior to any determination in the underlying tort·case, the injured claimant ordinarily may bring a declaratory judgment· action against the tortfeasor's liability insurer to resolve insurance policy coverage disputes which are separate and independent from the liability issues in the underlying litigation. . . .

*Id.* at 413, 687 A.2d 652. *See Washington Metropolitan Area Transit Authority v. Queen,* 324 Md. 326, 333 n. 6, 597 A.2d 423 (1991); *St. Paul Fire & Marine Ins. v. Pryseski,* 292 Md. 187, 194, 438 A.2d 282 (1981); *Brohawn v. Transamerica Insurance Co.,* 276 Md. 396, 405, 347 A.2d 842 (1975).

██ While disfavored in many instances, anticipatory declaratory judgment actions may be brought by the tort claimant before the termination of the pending tort action. In

*Mesmer v. Maryland Automobile Insurance Fund,* 353 Md. 241, 725 A.2d 1053 (1999), the Court of Appeals observed:

Finally, we note that insureds and tort claimants are not without a remedy when a liability insurer erroneously disclaims coverage and refuses to undertake a defense against a tort claim. Although declaratory judgment actions finally determining insurance coverage in advance of the underlying tort suits may not be favored, such actions are appropriate when, as in the present situation, the coverage issue is separate and distinct from the issues involved in the underlying tort action[.] ... Such declaratory judgment actions can be brought by the insured, or by a putative insured, or *by the tort claimant. Harford Mutual v. Woodfin,* 344 Md. 399, 412–413, 687 A.2d 652, 658–659 (1997), and cases there cited.

*Id.* at 266–67, 725 A.2d 1053 (emphasis added).[2] *See also, e.g., Valliere v. Allstate Insurance Company,* 324 Md. 139, 596 A.2d 636 (1991) (declaratory judgment action by claimant—case decided on merits; standing not questioned);[3] *Richmond v. Hartford Underwriters Insurance Co.,* 126 Md.App. 166, 170, 727 A.2d 968, *cert. denied,* 355 Md. 613, 735 A.2d 1107 (1999).

Moreover,

[a] declaratory judgment action prior to the trial of a tort action against the insured may under some circumstances be a valuable means of resolving questions of policy coverage where those questions are independent and separable

---

**2.** That the insured assigned her rights against MAIF to the tort claimant in that case, 353 Md. at 267, 725 A.2d 1053, does not detract from our holding, especially given the Court's language that pre-suit declaratory judgment actions may be appropriate, and the absence of any qualification on the class of tort claimants who may utilize a declaratory judgment action in an appropriate instance.

**3.** In *Utilities Inc. of Maryland v. WSSC,* 362 Md. 37, 763 A.2d 129 (2000), "[n]either side ha[d] raised any question concerning the propriety of the declaratory judgment action." Notwithstanding, the Court of Appeals observed that "whether a case is or is not appropriate for a declaratory judgment is an issue which, on public policy grounds, this Court will ordinarily address *sua sponte.*" *Id.* at 44, 763 A.2d 129.

from the claims asserted in a pending suit by an injured third party. An early resolution could avoid unnecessary expense and delay to the parties.

*Brohawn v. Transamerica Ins. Co.*, 276 Md. 396, 405, 347 A.2d 842 (1975). *See generally*, Edwin Borchard, Declaratory Judgments 634–54 (2d ed.1941). *Cf. Vigilant v. Luppino*, 352 Md. 481, 493, 723 A.2d 14 (1999) (declaration before trial in tort action of potentiality of coverage may be appropriate).

The Court of Appeals's decision in *Queen* does not require us to hold otherwise. That case arose out of a traffic accident in which an employee of the Washington Metropolitan Area Transit Authority (WMATA) struck and injured Regina Queen. Before the tort action was initiated, WMATA had filed an action seeking a declaration regarding coverage issues. That action reached this Court twice and prompted two opinions that the Court of Appeals declined to review.

Ms. Queen eventually filed her tort suit against WMATA in the United States District Court for the District of Columbia. On appeal from that judgment, the United States Court of Appeals for the District of Columbia Circuit certified the following question to our Court of Appeals for clarification:

Under Maryland law, when an insurer files a declaratory action effectively disclaiming liability, may a plaintiff (1) be excused from obtaining a preliminary judgment against the insured before suing the insurer, and (2) determine the extent of the insured's liability in the context of the suit against the insurer?

*Queen v. WMATA*, 284 U.S.App. D.C. 29, 34, 901 F.2d 135, 140 (1990). The Maryland Court of Appeals answered the first part of the certified question in the negative, holding that "[a]n injured tort plaintiff is *not* excused from obtaining a judgment against the insured tortfeasor before suing the liability insurer." This response rendered an answer to the second query unnecessary. *Queen*, 324 Md. at 335, 597 A.2d 423. The Court of Appeals reiterated that, under Maryland law, "a tort claimant may not maintain a direct action against the defendant tortfeasor's liability insurer until there has been

a determination of the insured's liability in the tort action."
*Id.* at 331–32, 597 A.2d 423. Citing considerations of public
policy, Judge Eldridge explained that the "matter of liability
insurance is irrelevant to the issue of the defendant's liability
and is highly prejudicial." *Id.* He then observed:

> We note that there has already been a violation of the
> Maryland policy against direct actions at the earlier stage of
> this litigation when the Circuit Court for Anne Arundel
> County entertained the declaratory judgment action. In
> that action, the liability insurer, the injured tort claimant,
> and the alleged tortfeasor, were all parties litigating an
> issue directly relating to the employer's tort liability, i.e.,
> scope of employment. . . .
>
> Under Maryland law, declaratory judgment actions by or
> against the tortfeasor's liability insurer, in advance of a
> determination of liability in a tort suit, are normally pre-
> cluded except when the issues in the declaratory judgment
> action are independent and separable from the claims of the
> tort claimant. *Allstate Ins. Co. v. Atwood,* 319 Md. 247, 252,
> 256–257, 572 A.2d 154, 156, 158–159 (1990); *Brohawn v.
> Transamerica Ins. Co.,* 276 Md. 396, 405–407, 347 A.2d 842,
> 848–850 (1975). While in *Brohawn* there was a tort suit
> already pending when the declaratory judgment action was
> brought by the tort defendant's liability insurer, much of the
> reasoning in *Brohawn,* and the reasoning set forth in *All-
> state Ins. Co. v. Atwood, supra,* 319 Md. at 256–258, 572
> A.2d at 158–159, is equally applicable where the declaratory
> judgment action is filed before the tort action is filed. . . .
> Furthermore, as pointed out in *Allstate Ins. Co. v. Atwood,
> supra,* 319 Md. at 257, 572 A.2d at 159, the reasons for not
> permitting the tort issues to be litigated in declaratory
> judgment actions where the liability insurer is a party, and
> the reasons for not permitting the alleged tortfeasor's liabil-
> ity insurer to be a party in a tort case prior to verdict, are
> essentially the same. Although we believe that the declara-
> tory judgment action was improper, the Circuit Court for

Anne Arundel County clearly had subject matter jurisdiction. . . .

*Queen,* 324 Md. at 333 n. 6, 597 A.2d 423.

■ The declaratory judgment action in *Queen* was not appropriate because issues that were raised there, including scope of employment, were not "independent and separable" from issues that were raised in the tort suit against the self-insured WMATA. But the Court of Appeals in that case did not abrogate the right of a tort claimant to bring such an action in narrowly circumscribed instances, and more recent endorsements by the Court of Appeals of anticipatory declaratory judgment actions that do involve only separate and distinct issues, *see, e.g., Mesmer,* 353 Md. at 267, 725 A.2d 1053 (declaratory judgment actions can be brought by tort claimant), certainly do not conflict with *Queen's* restriction on *direct* actions. As noted above, "direct actions" within the meaning of § 19–102 of the Insurance Article of the Maryland Code are to be distinguished from declaratory judgment actions which may be brought under the narrow circumstances outlined by the Court of Appeals, and which seek that unique scope of relief available to parties in such actions. *Woodfin,* 344 Md. at 412–13, 687 A.2d 652 and cases there cited.

When this Court, in *Nationwide Mutual Insurance Co. v. Regional Electric Contractors, Inc.,* 111 Md.App. 80, 88, 680 A.2d 547, *cert. denied,* 344 Md. 118, 685 A.2d 452 (1996), held that a declaratory judgment action by an insured against its carrier is a "direct action" precluded by Maryland law, we did not then have the benefit of the subsequent opinions in *Harford Mutual v. Woodfin* and *Mesmer v. Maryland Automobile Insurance Fund,* in which the Court of Appeals distinguished declaratory judgment suits from "direct actions."

## CONCLUSION

Accordingly, we hold that appellant has standing to bring a declaratory judgment action against the tortfeasor's insurer, Montgomery Mutual, during the pendency of a related tort suit, prior to judgment in that suit. We therefore conclude

that the circuit court erred in entering summary judgment against Howard, effectively dismissing the complaint for declaratory relief, on the grounds that she lacked standing to prosecute her declaratory judgment action. Again, we hold only that it was error to rule that a tort claimant, as a matter of law, lacks standing under any circumstances to prosecute a declaratory judgment action such as this against the liability insurance carrier of its tortfeasor. We take no position on whether the coverage issues are "independent and separable;" that is a decision to be made by the circuit court on the basis of evidence produced at trial.[4]

On remand, the circuit court must determine in the first instance whether declaratory relief is appropriate, that is, whether the issues in this action are "independent and separable" from those at issue in the tort action. If the issues are not so distinct, then the court may well dismiss this action, subject to review for abuse of discretion. If the coverage issues presented are "independent and separable," however, then the court must issue a written declaration of the rights and obligations of the parties.

**JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY VACATED; CASE REMANDED TO THAT COURT FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.**

---

**4.** The Court of Appeals has recently noted:

This Court may, in its discretion, review the merits of the controversy and remand for the entry of an appropriate declaratory judgment by the circuit court. *Compare Maryland Ass'n of Health Maintenance Organizations v. Health Servs. Cost Review Comm'n,* 356 Md. 581, 741 A.2d 483 (1999) (remanding for the entry of a declaratory judgment); *Ashton v. Brown,* 339 Md. 70, 660 A.2d 447 (1995) (same); *Robert T. Foley Co. v. Washington Suburban Sanitary Comm'n,* 283 Md. 140, 389 A.2d 350 (1978) (same) *with Harford Mut. Ins. Co. v. Woodfin Equities Corp.,* 344 Md. 399, 687 A.2d 652 (remand without reaching merits of coverage issues).

*Bushey v. Northern Assurance Co. of North America,* 362 Md. 626, 651–52, 766 A.2d 598 (2001). Under the circumstances of this case, however, we deem it more appropriate for the circuit court to render a declaration in the first instance. In any event, the circuit court must first determine whether the issues in the parallel proceedings are not independent and separable.

COSTS TO BE PAID BY MONTGOMERY MUTUAL INSURANCE COMPANY.