The HARTFORD INSURANCE GROUP and The Hartford Accident and Indemnity Company, its subsidiary, Petitioners,

v.

DISTRICT COURT FOR the FOURTH JUDICIAL DISTRICT, State of Colorado, and the Honorable Judges William Rhodes and Matt M. Railey, two of the judges of the District Court, Respondents.

No. 80SA391.

Supreme Court of Colorado,
En Banc.

March 16, 1981.

Rector, Retherford, Mullen & Johnson, J. Stephen Mullen, Colorado Springs, for petitioners.

David L. Kofoed, P. C., Scott R. Larson, Denver, for respondents.

QUINN, Justice.

In this original proceeding Hartford Insurance Group and its subsidiary, the Hartford Accident and Indemnity Company (insurers), request an order prohibiting the district court of El Paso County from postponing the resolution of a declaratory judgment action which places in issue the insurers' contractual obligations of indemnification and defense to certain named defendants in a pending negligence action commenced by a third party against those defendants. Concomitantly, the insurers seek to compel the district court to postpone the trial of the negligence action until the declaratory relief action has been concluded. We issued a rule to show cause and we now discharge the rule.

The petition in this case is based on two related proceedings presently pending in the respondent court.[1] The incident underlying both proceedings is a vehicular collision between two tractor-trailer trucks on July 27, 1978, south of Colorado Springs. One truck was operated by Donald Cheney and the other by Nathaniel Johnson. At the time of the accident Johnson was employed by Jack Hailey, doing business as

---

1. The record in this case is sparse, consisting primarily of the pleadings filed with this court; our statement of the facts is based on that meager record.

Hailey's A–1 Moving and Storage. Hailey was the local agent for American Red Ball Transit Company, Inc., (Red Ball) of Palestine, Texas. On April 24, 1979, Cheney filed a complaint in the El Paso County District Court naming Johnson and Hailey as defendants. Cheney alleged that Johnson was operating his truck in a negligent manner at the time of the accident, that Hailey was the owner of the truck and Johnson was Hailey's employee acting within the scope of his employment at the time of the collision, and that he (Cheney) suffered serious bodily injury and other damages as the result of Johnson's negligence. An amended complaint thereafter was filed alleging that, by virtue of a sales agent agreement between Hailey and Red Ball, Johnson also was a contractual servant or employee of Red Ball and Red Ball was vicariously liable for Johnson's negligence. Both the original and amended complaints were framed in terms of simple negligence; there was no allegation that Johnson's conduct was willful, wanton, or intentional. The defendants filed answers denying liability and the case was assigned to the respondent, Judge Rhodes, for a jury trial to commence on November 3, 1980.

At the time of the accident Red Ball was a named insured under a truckman's liability policy with the insurers. The insurance contract provided that "persons insured" included any person "using an *owned automobile* or a *hired automobile* with the permission of the *named insured*, provided his actual operation . . . is within the scope of such permission." The policy defined an owned automobile as one owned by the named insured (Red Ball) and a hired automobile as one "not owned by the *named insured* which is used under contract in behalf of, or loaned to, the named insured . . . ." Under the terms of the policy the insurers agreed to pay on behalf of an insured all sums which the insured shall become legally obligated to pay because of bodily injury or property damage and to defend any suit against an insured seeking damages for bodily injury and property loss, even if the allegations of the suit were groundless, false or fraudulent.

On the date of the collision Hailey and Johnson ostensibly were engaging in business under the terms of Hailey's sales agent agreement with Red Ball. Hailey and Johnson made a demand upon the insurers to provide a full defense for them in the personal injury action filed by Cheney and to pay any judgment ultimately entered against them. The insurers provided a defense under a reservation of rights.[2]

On July 30, 1979, the insurers filed a complaint under section 13–51–101, et seq., C.R.S.1973, seeking a declaratory judgment that they were not obligated under the policy either to provide a defense for Hailey and Johnson in Cheney's personal injury action or to pay any judgment that might be entered therein against Red Ball, Hailey and Johnson on the ground that: (1) "the acts or omissions alleged on the part of . . . Johnson constitute gross, wanton and willful negligence, such as to be tantamount to intentional acts for which coverage would not lie;" and (2) "Johnson was not acting within the scope of his authority or permission as extended by . . . Hailey or Red Ball at the time of the accident . . . with . . . Cheney." The defendants answered the declaratory complaint by denying the allegations and counterclaimed for expenses and attorney fees incurred in defense of that action. This case was assigned to the respondent, Judge Railey, and he consolidated the action with the Cheney negligence suit pending before Judge Rhodes.

At a pretrial conference Judge Rhodes ordered that the declaratory action be held

---

**2.** Where the insurer is not convinced the insured's conduct at the time of the accident is within the policy's coverage, the insurer may decide to provide a defense while reserving its rights to contest its liability under the policy. An insurer may protect itself in this manner by tendering a reservation-of-rights notice to the insured. Such action assures that the insurer's defense of the insured will not be treated as a waiver of its right to raise any policy defenses available to it. See R. Keeton, *Insurance Law* at 410 (1971); J. Appleman, 7C *Insurance Law and Practice*, § 4694 at 336 (rev. ed. W. Berdal 1970); A. Anderson, 14 *Couch on Insurance Law*, § 51:83 at 587 (2d ed. 1965).

in abeyance until the negligence suit was concluded and dissolved the order of consolidation. The insurers then filed a motion requesting Judge Railey to reconsider the order postponing the trial of the declaratory action. Judge Railey by written order denied the motion for the reasons that the pleadings in the negligence action and the insurers' policy with Red Ball "clearly indicate a duty to defend" and a determination of the coverage issues in the declaratory action before the resolution of the negligence action "might well result in conflicting findings." An original proceeding followed in this court.

The insurers argue that the respondent judges abused their discretion in ordering the declaratory action postponed until a resolution of the personal injury suit. They assert that judicial economy as well as their avoidance of expenses incident to the defense of the negligence action compel the granting of prohibitory relief in this matter. In view of the substantial discretion vested in trial courts with respect to declaratory judgment actions,[3] including the consolidation and severance of claims or issues to further convenience or to avoid prejudice, see C.R.C.P. 42, we conclude that no abuse of discretion has been demonstrated here.

▆▆▆▆ An insurer certainly may seek a declaration of its contractual responsibilities of defense and indemnification in connection with a claim filed against a person who arguably qualifies as an "insured" under the insurance contract. Sections 13–51–106 and 13–51–107, C.R.S.1973; *O'Herron v. State Farm Mutual Auto. Ins. Co.,*

156 Colo. 164, 397 P.2d 227 (1964); *see also State Auto. & Cas. Underwriters v. Beeson,* 183 Colo. 284, 516 P.2d 623 (1973). While we have recognized that trial courts may resolve a declaratory judgment action prior to a determination of related tort issues underlying the declaratory suit, e. g., *O'Herron v. State Farm Mutual, supra,* it does not follow that a trial court abuses its discretion in postponing the declaratory action until the resolution of the tort litigation. E. g., *State Farm Mut. Ins. Co. v. Hilderbrandt,* 446 F.2d 504 (6th Cir. 1971); *Brohawn v. Transamerica Ins. Co.,* 276 Md. 396, 347 A.2d 842 (1975); *Allstate Ins. Co. v. Szego,* 38 App.Div.2d 736, 329 N.Y.S.2d 223 (1972); *Employers' Fire Ins. Co. v. Beals,* 103 R.I. 623, 240 A.2d 397 (1968).

▆▆▆▆ In this case the resolution of the declaratory action first might well place Hailey and Johnson in the dilemma of defending the coverage issue in that case by establishing that Johnson's conduct, at most, amounted only to simple negligence. Their defense of the declaratory action on that basis would pose a substantial risk that they thereby will unduly compromise their defense of the negligence action. Moreover, were the declaratory action to result in a determination that Johnson's actions at the time of the accident amounted to willful and wanton conduct, for which the insurers deny any contractual responsibility under their insurance agreement with Red Ball, the plaintiff in the negligence action well might amend his complaint to assert willful and wanton conduct against Johnson and invoke the doctrine of collateral estoppel.[4]

---

3. The granting of declaratory relief is a matter within the sound discretion of the court and in the absence of a showing of unfair advantage or prejudice a trial court's decision to hold a declaratory action temporarily in abeyance is not reversible error. E. g., *Spivey Co. v. Travelers Ins. Co.,* 407 F.Supp. 916 (E.D.Pa.1976); *State Farm Mut. Ins. Co. v. Shour,* 407 F.Supp. 787 (E.D.Pa.1975); *Krebs v. Mini,* 53 Ill.App.3d 787, 368 N.E.2d 159, 10 Ill.Dec. 673 (1977); *Brohawn v. Transamerica Ins. Co.,* 276 Md. 396, 347 A.2d 842 (1975).

4. The doctrine of collateral estoppel may be asserted when four conditions are met: 1) the issue decided in the prior adjudication is identi-

cal with the one in the subsequent adjudication, 2) there was a final judgment on the merits in the prior adjudication, 3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior adjudication, and 4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior adjudication. E. g., *Metropolitan Gas Repair Service, Inc. v. Kulik,* Colo., 621 P.2d 313 (1980); *Pomeroy v. Waitkus,* 183 Colo. 344, 517 P.2d 396 (1974). Assuming that the issue of willful and wanton conduct is identical with regard to both insurance coverage and the tortfeasor's liability, the other elements of collateral estoppel would also be satisfied: 1) a declar-

If, on the other hand, the insurers furnish a defense to Red Ball, Hailey, and Johnson in the negligence action, and it is there determined that Johnson was not negligent, the insurer avoids any judgment liability under its insurance contract. In the event Cheney prevails in his negligence action against the named defendants, that determination will have no preclusive effect in the subsequent declaratory proceeding. *See, e. g., Farm Bureau Mut. Auto. Ins. Co. v. Hammer,* 177 F.2d 793 (4th Cir. 1949); *Centennial Ins. Co. v. Miller,* 264 F.Supp. 431 (E.D.Cal.1967); *Gray v. Zurich Ins. Co.,* 65 Cal.2d 263, 419 P.2d 168, 54 Cal.Rptr. 104 (1966); *see also State Farm Ins. Co. v. Coughran,* 303 U.S. 485, 58 S.Ct. 670, 82 L.Ed. 970 (1938); *Lane v. Hartford Fire Ins. Co.,* 343 F.Supp. 79 (E.D.Mo.1972). Where, as here, the basis of liability in the personal injury lawsuit is negligence, an adverse determination against Johnson on that issue does not resolve the question whether he was guilty of willful and wanton conduct for purposes of the insurers' liability for indemnification of any judgment against him. *See Great American Ins. Co. v. Ratliff,* 242 F.Supp. 983 (E.D. Ark.1965); *Alabama Farm Bureau Mut. Cas. Ins. Co. v. Moore,* Ala., 349 So.2d 1113 (1977).

The present procedural posture of this matter is such that the insurers will have the opportunity to furnish Red Ball, Hailey, and Johnson a defense to Cheney's personal injury action without risking any adverse collateral consequences to the declaratory action from an unfavorable result in the Cheney litigation. Even if the defense to the personal injury action is unsuccessful, the insurers nevertheless are free to litigate afresh the issue of coverage in the declaratory action. Under these circumstances any burden imposed on the insurers by requiring the personal injury action to proceed to trial first is inconsequential in comparison with the burdens that would be imposed on an insured in defending the declaratory action on the issue of coverage. *Allstate Ins. Co. v. Harris,* 445 F.Supp. 847 (N.D.Cal. 1978).

This is not a case in which the tort action against the insured is based on conduct that is patently outside the terms of the insurance contract. *See, e. g., Gray v. Zurich Ins. Co., supra; Maxon v. Security Ins. Co.,* 214 Cal.App.2d 603, 29 Cal.Rptr. 586 (1963). Here, the allegations in Cheney's complaint that Johnson acted negligently in the course and scope of his agency or employment relationship with Hailey and Red Ball is the very type of risk seemingly contemplated by the liability policy. An insured under such circumstances has a legitimate expectation of a defense to the tort action even though the insurance may have been purchased by another and the allegations of an agency or employment relationship might be groundless. The observations of Justice Tobriner in *Gray v. Zurich Ins. Co., supra,* are pertinent on this point:

> "If [an insured] is to be required to finance his own defense and then, only if successful, hold the insurer to its promise by means of a second suit for reimbursement, we defeat the basic reason for the purchase of the insurance. In purchasing his insurance the insured will reasonably expect that he would stand a better chance of vindication if supported by the resources and expertise of his insurer than if compelled to handle and finance the presentation of his case. He would, moreover, expect to be able to avoid the time, uncertainty and capital outlay in finding and retaining an attorney of his own." 65 Cal.2d at 278, 419 P.2d at 178, 54 Cal.Rptr. at 114.

atory judgment is a final judgment on the merits, section 13–51–105, C.R.S.1973; 2) *Johnson, Hailey, and Red Ball,* defendants in the personal injury case, are also defendants in the declaratory relief case; and 3) Johnson, Hailey and Red Ball presumably had every reason and opportunity to fully litigate the issue of the nature of Johnson's conduct in order to preserve insurance coverage. The result is that the insurer, *whom the insured reasonably expects to be an ally,* becomes his antagonist. A prior declaratory judgment under these conditions can serve as a "procedural mechanism to defeat the reasonable expectations of the insured." *Allstate Ins. Co. v. Harris,* 445 F.Supp. 847, 851 (N.D.Cal.1978).

█ A rule according unconditional priority to a declaratory action would permit an insurer to nullify an insured's legitimate expectation of a defense through the procedural device of filing a declaratory judgment proceeding even when the third party's claim against an insured is framed in terms of the very liability coverage contemplated by the policy. Such a rule defeats the very purpose for which insurance is purchased in the first place. *See Gray v. Zurich Ins. Co., supra; Ritchie v. Anchor Casualty Co.*, 135 Cal.App.2d 245, 286 P.2d 1000 (1955).[5]

Accordingly, we conclude that the respondent court did not abuse its discretion in ordering the negligence action to proceed to trial before the rendition of any declaratory judgment on the insurer's contractual obligations of indemnification and defense to the named defendants in that negligence action. The rule to show cause is discharged.

DUBOFSKY, J., does not participate.

---

**5.** The petitioners-insurers do not assert that they are unable to provide a proper defense for Hailey and Johnson because of a conflict of interest. The personal injury defendants—Red Ball, Hailey, and Johnson—have a common interest in establishing that Johnson was not negligent and to this extent their interests will be similarly aligned at trial. However, Red Ball has a separate interest in showing that Johnson was not acting as its agent or employee at the time of the accident and that Red Ball should not be vicariously liable to Cheney, the personal injury plaintiff. Whether the insurers under these circumstances are obligated under their liability policy to furnish separate counsel to Hailey and/or Johnson, or to pay the fees of counsel chosen by them, are issues not before us. *See J. Appleman,* 7C *Insurance Law and Practice,* § 4685.01 at 139–41 (rev. ed. W. Berdal 1970).