**NEW HAMPSHIRE INSURANCE COMPANY, Plaintiff–Appellee,**

v.

**CONSTITUTION ASSOCIATES, Stephen M. Field, Myra G. Field, Margaret Sofro, and Howard P. Summers, Defendants–Appellants.**

No. 94CA0105.

Colorado Court of Appeals, Div. II.

May 18, 1995.

Rehearing Denied Aug. 3, 1995.

Certiorari Granted Jan. 16, 1996.

Wood, Ris & Hames, P.C., Colin C. Campbell, William A. Rogers, III, Denver, for plaintiff-appellee.

Retherford, Mullen, Johnson & Bruce, Anthony A. Johnson, Colorado Springs, for defendants-appellants.

Opinion by Judge ROTHENBERG.

Defendants, Constitution Associates (Constitution), Stephen M. Field, Myra G. Field, Margaret Sofro, and Howard P. Summers, appeal from a declaratory judgment entered in favor of plaintiff, New Hampshire Insurance Company (New Hampshire), and against Platte Valley Federal Savings and Loan Association (Platte Valley), and from dismissal of the claims between New Hampshire and Constitution. We affirm.

## I.

The salient facts are not in dispute. Constitution is a Colorado partnership and the Fields, Sofro, and Summers are general partners. Constitution owned an apartment complex until June 1984 when it sold the apartments to L.E. & Associates (buyer). Platte Valley financed the majority of the sale and was the holder of a first deed of trust in the amount of $4,500,000. Buyer executed a promissory note for $1,200,000 secured by a second deed of trust in favor of seller Constitution.

Buyer also agreed that, upon its default, Constitution had the right to assume immediate control over the property.

In conjunction with the sale, Platte Valley agreed, in a separate document entitled "estoppel letter," to give seller Constitution notice of any default by buyer under the first deed of trust within ten days of default. The estoppel letter also allowed Constitution the right to "step into the shoes" of buyer with respect to the first deed of trust and, thus, to protect Constitution's security interest in the property.

In December 1985, buyer was in default under the terms of its note to Platte Valley. However, Platte Valley did not notify Constitution in accordance with the terms of the estoppel agreement. In addition, between December 1985 and February 1987, the property was neglected and underwent physical deterioration, resulting in a diminution of market value.

In September 1986, Platte Valley filed a foreclosure action. Then Platte Valley bid in the property at the foreclosure sale, received a certificate of purchase, and ultimately received a public trustee's deed to the property. As a result of these events, Constitution was unable to recover on its $1,200,000 promissory note.

Constitution and its general partners then filed an action against Platte Valley in El Paso County District Court which was removed to federal court. During the course of the litigation, Platte Valley became insolvent and the Resolution Trust Corporation (RTC) took over its operations and defense of that lawsuit. RTC represented to the court that no assets existed to pay a judgment against Platte Valley.

During the relevant time period, New Hampshire had insured Platte Valley under successive general liability insurance policies. After receiving notice of the lawsuit, New Hampshire denied coverage, claiming that Platte Valley had given untimely notice. Pursuant to a stipulation between Constitu-

tion and the RTC, the federal action was administratively retired, subject to reopening for good cause.

Beginning on February 1, 1987, Glen Falls Insurance Company began insuring Platte Valley.

New Hampshire then filed this declaratory judgment action against its insured, Platte Valley, against the RTC, and against Constitution and its partners asking for a determination whether the insurance policy that it had issued covered Constitution's claims against Platte Valley and RTC. Platte Valley, RTC, and Constitution filed counterclaims against New Hampshire asserting that there was coverage under the policy. Constitution also filed a separate lawsuit against Glen Falls.

The cases were consolidated for trial and the matter was submitted to the trial court on stipulated facts and cross-motions for summary judgment. The trial court determined, *inter alia,* that: (1) Constitution and its individual partners lacked standing to ask the court to determine the rights and obligations of New Hampshire toward Platte Valley because Constitution had not received a judgment against Platte Valley and no contractual link existed between Constitution and New Hampshire; (2) Constitution lacked standing to seek a declaratory judgment against Glen Falls; and (3) New Hampshire had standing to seek a declaratory judgment action against its insured, Platte Valley, but not against Constitution, because New Hampshire did not have a direct contractual relationship with Constitution.

Based upon these findings, the trial court dismissed Constitution's claims against Glen Falls for lack of standing; dismissed New Hampshire's claim against Constitution and Constitution's counterclaim against New Hampshire for lack of standing; and entered judgment in favor of New Hampshire and against Platte Valley.

Glen Falls, Platte Valley, and RTC are not parties to this appeal.

## II.

■ Defendants contend the trial court erred in finding that Constitution lacked

standing to ask for a determination of the rights and obligations of New Hampshire toward its insured, Platte Valley. New Hampshire agrees with defendants that all parties have standing to pursue their claims. In other words, all parties to this appeal contend that, since they did not raise the issue of standing before the trial court, they consented to have the trial court determine the merits of their claims and, as such, the trial court had subject matter jurisdiction. We disagree and affirm the judgment of the trial court insofar as it dismissed certain claims for lack of subject matter jurisdiction.

An action for declaratory judgment is appropriately used to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations. Section 13–51–102, C.R.S. (1987 Repl.Vol. 6A).

■ A declaratory judgment action must be based on an actual controversy. To have standing to bring a declaratory judgment action, a plaintiff must assert a legal basis on which a claim for relief can be grounded. The plaintiff must allege an injury in fact to a legally protected or cognizable interest. *Farmers Insurance Exchange v. District Court,* 862 P.2d 944 (Colo.1993).

A declaratory judgment action properly resolves an existing question or legal controversy. Declaratory judgment proceedings may not be invoked to resolve a question which is non-existent, even though it can be assumed that at some future time such question may arise. What is required for purposes of satisfying the standing requirement is that the plaintiff demonstrate there is an existing legal controversy, not merely a possibility of a future legal dispute over some issue. The court should refuse to answer speculative inquiries. *Farmers Insurance Exchange v. District Court, supra.*

In *Hecla Mining Co. v. New Hampshire Insurance Co.,* 811 P.2d 1083 (Colo.1991), an insurance company filed a declaratory action seeking a determination of: (1) whether it had a duty to defend its insured who was being sued as a third party in an environmental damages lawsuit; and (2) whether it

had a duty to indemnify its insured for any liability resulting from the lawsuit.

On review of the judgment entered by the trial court, the supreme court emphasized the fact that the duty to defend and the duty to indemnify are separate and distinct. It held that the insurance company did have the duty to defend, but refused to rule on the issue of indemnification because it was premature:

> The issue of [the insurance company's] duty to indemnify [its insured] can only be determined after liability of [the insured] has been determined, and is therefore not ripe for resolution at this stage of the proceedings.

*Hecla Mining Co. v. New Hampshire Insurance Co., supra,* at 1086.

Also instructive is *Farmers Insurance Exchange v. District Court, supra.* There, the plaintiff in the underlying action was involved in an automobile accident with defendant and sustained injuries. Farmers, the defendant's insurer, made an offer of settlement to the injury victim based upon Farmers' interpretation of its insurance contract with defendant.

Unlike the situation in *Hecla* and the instant case, in which the declaratory action was filed by the insurance company, in *Farmers Insurance Exchange,* the injured party in the underlying action brought the declaratory judgment action. And, the injured party asked the court to determine whether the insurance contract obligating Farmers to indemnify its insured, if the insured was found to be negligent, was limited to the amount offered by Farmers for settlement.

The supreme court held that the injured party lacked standing to bring the action because she had not yet obtained a judgment against the insured and, thus, she had no legally protected right or cognizable interest at stake unless and until she established the insured's liability. The supreme court concluded that, given the injured party's lack of standing, the trial court had abused its discretion in assuming jurisdiction and in failing to dismiss the action. *See also Baker v. Young,* 798 P.2d 889, 894 (Colo.1990) ("The

insurer's obligation ... provides the insured with the right ... to indemnification, up to the limits of the policy, in the event an adverse judgment is entered against the insured."); *In re Estate of Daigle,* 634 P.2d 71, 78 (Colo.1981) ("A liability insurance contract ... creates a contractual right which vests only when a liability claim against the insured ripens into judgment."); *Price v. Sommermeyer,* 195 Colo. 285, 288, 577 P.2d 752, 755 (1978) ("A potential right of indemnity under a liability insurance policy is a contingent contract right which vests when a liability claim against the insured ripens into judgment.").

Applying those principles here, we conclude that New Hampshire's action is not ripe for resolution at this stage of the proceedings because there was no direct contractual relationship between Constitution and New Hampshire, and because Constitution has not received a judgment against the insured, Platte Valley. *See Hecla Mining Co. v. New Hampshire Insurance Co., supra. Cf. Farmers Insurance Exchange v. District Court supra.*

Accordingly, the trial court correctly concluded that New Hampshire lacked standing to seek a declaratory judgment action against Constitution and that Constitution and its individual partners lacked standing to seek a declaration of the rights and obligations of New Hampshire toward Platte Valley.

In so ruling, we reject the parties' argument that, because they did not raise the standing issue, they consented to the court's subject matter jurisdiction.

 Subject matter jurisdiction relates to the power or authority of the court over a particular case. The parties cannot confer subject matter jurisdiction upon the court. *Clinic Masters, Inc. v. District Court,* 192 Colo. 120, 556 P.2d 473 (1976); *Sanchez v. Straight Creek Constructors,* 41 Colo.App. 19, 580 P.2d 827 (1978). *See also South Washington Associates v. Flanagan,* 859 P.2d 217 (Colo.App.1992) (parties cannot by stipulation define and prescribe powers of court of law).

Thus, the parties' failure to contest standing and their implied consent relative thereto

cannot confer subject matter jurisdiction upon the court.

In view of this disposition, we need not address the remaining issues raised in this appeal.

The judgment is affirmed.

CRISWELL and BRIGGS, JJ., concur.