CONSTITUTION ASSOCIATES, Stephen M. Field, Myra G. Field, Margaret Sofro, and Howard P. Summers, Petitioners,

v.

NEW HAMPSHIRE INSURANCE COMPANY, Respondent.

AMERICAN MOTORISTS INSURANCE COMPANY, an Illinois Corporation, Petitioner,

v.

CONNECTICUT GENERAL LIFE IN-SURANCE COMPANY, a Connecticut Corporation, Respondent.

Nos. 95SC563, 95SC688.

Supreme Court of Colorado, En Banc.

Dec. 16, 1996.

As Modified on Denial of Rehearing Jan. 13, 1997.

Retherford, Mullen, Johnson & Bruce, LLC, Anthony A. Johnson, Colorado Springs, for Petitioners Constitution Associates, et al.

Wood, Ris & Hames, P.C., Clayton B. Russell, Denver, for Respondent New Hampshire Ins. Co.

Campbell, Latiolais & Ruebel, P.C., Jeffrey Clay Ruebel, Montgomery, Green, Jarvis, Kolodny & Markusson, P.C., Kevin F. Amatuzio, Joel A. Kolodny, Denver, for Amicus Curiae Colorado Defense Lawyers Ass'n in No. 95SC563.

Weinberger & Kanan, P.C., Thomas L. Kanan, Daniel B. Galloway, Denver, Jean E. Dubofsky, P.C., Jean E. Dubofsky, Boulder, for Petitioner American Motorists Ins. Co.

Kerr Friedrich Brosseau Bartlett, LLC, Andrew J. Friedrich, Dennis J. Bartlett, Denver, for Respondent Connecticut General Life Ins. Co.

Montgomery, Green, Jarvis, Kolodny & Markusson, P.C., Kevin F. Amatuzio, Joel A. Kolodny, Denver, for Amicus Curiae Colorado Defense Lawyers Ass'n in No. 95SC688.

Justice KOURLIS delivered the Opinion of the Court.

### I.

These cases concern two decisions of the court of appeals, *New Hampshire Insurance Co. v. Constitution Associates,* 908 P.2d 1163 (Colo.App.1995), and *Connecticut General Life Insurance Co. v. A.A.A. Waterproofing, Inc.,* 911 P.2d 684 (Colo.App.1995). Each of these cases concerns an action for declaratory relief filed by an insurance company to determine its obligations towards its insured in an underlying lawsuit before any judgment had been entered against the insured in that underlying case (an anticipatory declaratory judgment action). The issues raised are when, and with what parties, an anticipatory declaratory judgment action is properly pursued.[1]

■■■ We first conclude that a judgment against the insured in the underlying case is not an absolute prerequisite to the filing of a declaratory judgment action to determine coverage. In addition, we hold that the injured party in the underlying action may properly defend against an anticipatory declaratory judgment action brought by the insurance company.

We therefore reverse the ruling of the court of appeals in *New Hampshire Insurance Co.,* 908 P.2d 1163 (Colo.App.1995), and affirm in *Connecticut General Life Insurance Co.,* 911 P.2d 684 (Colo.App.1995). Both cases are remanded to the court of appeals with directions for further proceedings consistent with this opinion.

### II.

*New Hampshire Insurance Co.* arose out of a real estate transaction concerning the Garden Court apartment complex in Colorado Springs. In 1984, Constitution Associates and its general partners, Stephen Field, Myra Field, Margaret Sofro, and Howard Summers (hereinafter referred to collectively as Constitution), sold the apartment complex to L.E. Associates, L.P. (L.E.Associates). In order to purchase the property, L.E. Associates executed a first deed of trust on the property securing a note in favor of Platte Valley Federal Savings and Loan Association (Platte Valley) for $4,500,000. A second deed of trust was executed in favor of Constitution securing a note for $1,200,000. In conjunction with the sale, Platte Valley and Constitution entered into a separate agreement pursuant to which Platte Valley was to give Constitution notice of any default by L.E. Associates on the first deed of trust within ten days of default. Constitution would thus be able to cure the default and protect its interest in the property.

In 1985, L.E. Associates defaulted on the note to Platte Valley. Platte Valley never notified Constitution of L.E. Associates' default, but did commence a foreclosure action in 1986. In September, 1986, the El Paso County Public Trustee issued a Certificate of Purchase to Platte Valley, giving Platte Valley ownership of the property.

Constitution filed an action in El Paso County District Court against Platte Valley for breach of its obligation to notify Constitution of L.E. Associates' default. Constitution claimed that once L.E. Associates went into default, Platte Valley was placed on construc-

---

1. Specifically, in *Connecticut General Life Insurance Co.* we granted certiorari on the following issue:

(1) Whether the court of appeals erred in ruling that an insurer may never obtain a determination that it has no duty to indemnify its insured in a declaratory judgment action prior to adjudication of the underlying claim against the insured.

In *New Hampshire Insurance Co.* we granted certiorari on the following two issues:

(1) Whether a money judgment in favor of a claimant and against an insured, and the insurance company's refusal to pay that judgment, is an absolute prerequisite to a judicial determination under the declaratory judgment act, of the insurer's duty to indemnify; and

(2) Whether, in a declaratory judgment action by an insurance company and against its insured, which action seeks a declaration of noncoverage of an insured for certain conduct, a party injured by the insured as a result of the conduct which is the basis of the coverage dispute and for which the injured party seeks compensation from the insured, is a proper party to contest the claim of the insurance company and advance the position of the insured.

tive notice that L.E. Associates was mismanaging the property. Constitution alleged that L.E. Associates' failure to maintain the property caused waste, devaluation, and eventual loss of security on Constitution's $1.2 million note. Constitution alleged that Platte Valley's failure to notify Constitution of the default was the proximate cause of the impairment of its security interest.

The case was removed to federal court. During the course of the federal litigation, Platte Valley became insolvent and the Federal Savings and Loan Insurance Company (FSLIC) was appointed as receiver for Platte Valley. The Resolution Trust Company (RTC) eventually succeeded FSLIC as Platte Valley's receiver. RTC informed the federal court that no assets existed to pay a judgment against Platte Valley and, in 1990, pursuant to stipulation by the parties, the federal action was administratively retired, subject to reopening for good cause. In stipulating to retirement of the case from the active docket, Constitution indicated to the court that it had learned of insurance policies covering Platte Valley's alleged liability and planned to pursue the insurance coverage for any judgment it might obtain against Platte Valley or its successor, RTC.

During the relevant time period, New Hampshire Insurance Company (New Hampshire) had insured Platte Valley under a general liability policy. New Hampshire filed for a declaratory judgment in Denver District Court against Platte Valley, RTC and Constitution, seeking a declaration that the insurance policy it had issued to Platte Valley did not cover Constitution's claims. Both Constitution and RTC, as the receiver for Platte Valley, filed counterclaims against New Hampshire asserting that there was coverage under the policy.[2] The case was submitted to the trial court on stipulated facts. New Hampshire then filed a motion for summary judgment against Constitution and RTC. Constitution responded but RTC did not. The trial court issued an order dismissing the case between New Hampshire and Constitution for lack of standing.[3]

Constitution appealed the trial court decision. The court of appeals upheld the finding that Constitution lacked standing to seek a declaration of rights and obligations between New Hampshire and Platte Valley, since Constitution had not yet obtained a judgment against Platte Valley.[4] Constitution then petitioned this court for writ of certiorari.

### III.

The facts of *Connecticut General Life Insurance Co.* are as follows. Between 1985 and 1989, Property Company of America, Inc.; its affiliate, PCA Contractors, Inc, (hereinafter referred to collectively as PCA); and Connecticut General Life Insurance Company (Connecticut General) were associated in a joint venture to develop an apartment complex.[5] During this time period, American Motorists Insurance Company (American Motorists) was providing general liability insurance to PCA.

---

**2.** Constitution also filed a separate declaratory judgment action against Glen Falls Insurance Company to determine whether a policy issued by Glen Falls in February, 1987, covered Constitution's claims. No issues are raised on appeal concerning any aspect of the Glen Falls case.

**3.** The trial court held that:

   (1) Constitution and its individual partners lacked standing to determine the rights and obligations of New Hampshire toward Platte Valley because Constitution had not received a judgment against Platte Valley and no contractual link existed between Constitution and New Hampshire;

   (2) Constitution lacked standing to seek a declaratory judgment against Glen Falls; and

   (3) New Hampshire had standing to seek a declaratory judgment against its insured, Platte Valley, but not against Constitution, an entity with whom it has no direct contractual relationship.

   The trial court also found that, if it had jurisdiction, it would conclude that Platte Valley's insurance policy with New Hampshire did not cover Platte Valley against Constitution's claims.

**4.** The court of appeals did not review the trial court's decision that Platte Valley's insurance contract with New Hampshire did not provide coverage for Constitution's claims.

**5.** Connecticut General's involvement in this development was originally through its interest in a limited partnership. However, the partnership dissolved in 1989 and, at that time, Connecticut General became the sole owner of the apartment complex.

In 1990, Connecticut General learned that the design and construction of the project allegedly failed to compensate for expansive soils at the site, resulting in unacceptable levels of structural movement. As a result, on May 30, 1991, Connecticut General filed suit against PCA and numerous other defendants involved in the construction work, asserting, *inter alia*, that PCA was negligent and in breach of contract for failing to properly construct and manage the apartment complex. PCA failed to respond to the complaint and a default was entered against it. In August, 1991, American Motorists was notified of PCA's default and immediately assumed the defense of the action by hiring attorneys to represent PCA. American Motorists reserved its rights to determine its duties towards PCA at a later date. Upon American Motorists' motion, the trial court set aside the default against PCA.

In May, 1992, American Motorists filed a separate declaratory judgment action against PCA, alleging that PCA's insurance policy did not provide coverage for the claims brought by Connecticut General. PCA failed to answer in the declaratory judgment action and, in August, 1992, the trial court found that, as a result of the terms and conditions of the policy and PCA's failure to comply with its obligations under the policy, American Motorists had no duty either to defend or to indemnify PCA from the claims asserted by Connecticut General. After the time for appeal had passed, American Motorists withdrew its defense of PCA in the underlying action. In October, 1992, the attorneys American Motorists had hired to represent PCA sought to withdraw. It was at this point that Connecticut General first became aware of American Motorists' declaratory action against PCA.

After the defense attorney hired by American Motorists to defend PCA was allowed to withdraw, Connecticut General obtained a default judgment against PCA for damages to the apartment complex. Connecticut General settled with the other defendants remaining in the case and then filed a writ of garnishment against American Motorists to collect on the judgment against PCA. Connecticut General claimed that American Mo-

torists' declaratory judgment against PCA was not binding upon it since it had not received timely notice of the action and had not been joined as a party. American Motorists responded that the declaratory judgment conclusively determined that PCA's actions were not covered by the policy and thus it was not answerable to the garnishment. In February, 1994, the trial court granted judgment in favor of American Motorists, vacating the garnishment order and upholding the declaratory determination that American Motorists was not liable for the judgment issued in favor of Connecticut General against PCA.

Connecticut General appealed the dismissal of the garnishment order on two separate bases: (1) that the declaratory judgment was not binding upon it because American Motorists had failed to notify Connecticut General or name it as a party to the action; and (2) that the declaratory judgment action was premature and therefore not binding upon Connecticut General. The court of appeals concluded that American Motorists was not required to notify Connecticut General or name it as a party in order for American Motorists to enforce the declaratory judgment against Connecticut General, but it did agree that the declaratory judgment was premature. The court held that an anticipatory declaration concerning the insurer's duty to indemnify the insured in an underlying case that has not resulted in judgment is premature. Thus, the court found that Connecticut General was not bound by the declaratory judgment in favor of American Motorists against PCA. American Motorists then petitioned for certiorari review of the court of appeals decision.

## IV.

Colorado's Uniform Declaratory Judgments Law, sections 13–51–101 to –115, 6A C.R.S. (1987), is designed "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and it is to be liberally construed and administered." § 13–51–102, 6A C.R.S. (1987). Under this law, persons with legally cognizable interests are entitled to seek a

declaration of rights and obligations under a contract.

> Any person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

§ 13–51–106, 6A C.R.S. (1987).

Actions for declaratory relief are most frequently filed after underlying litigation has been concluded. For example, if an injured party sues an insured, that action will normally proceed to conclusion before the insurance company institutes a separate action to determine coverage issues.

■ The cases before the court today involve the circumstance wherein the action for declaratory relief is initiated before the underlying litigation has come to an end. The decision about whether to permit such an anticipatory declaratory judgment action falls within the sound discretion of the trial court. *Troelstrup v. District Court,* 712 P.2d 1010, 1012 (Colo.1986).[6] We here address the criteria a trial court should use in making that decision.

■ First, declaratory judgment actions must be based on an actual controversy. *See, e.g., Community Tele–Communications, Inc. v. Heather Corp.,* 677 P.2d 330, 334 (Colo.1984). Hence, jurisdiction exists only if the controversy contains a currently justiciable issue or an existing legal controversy, rather than the mere possibility of a future claim. *Heron v. City & County of Denver,* 159 Colo. 314, 316, 411 P.2d 314, 315 (1966). Second, a court should not render a declaratory judgment unless it will fully and finally resolve the uncertainty and controversy as to *all* parties with a substantial interest in the

matter that could be affected by the judgment. *People ex rel. Inter–Church Temperance Movement v. Baker,* 133 Colo. 398, 403–04, 297 P.2d 273, 277–78 (1956). Lastly, in addition to the standards set out in our prior cases, we today enunciate the requirement that a trial court consider whether an anticipatory declaratory judgment action is independent of and separable from the underlying action.

### A.

The question of whether Constitution, as the injured party, is a proper party to defend New Hampshire's request for a declaration that its policy did not cover the alleged actions of Platte Valley in the underlying lawsuit implicates both the justiciable controversy standard and the finality standard.

■ If the insurance company initiates the anticipatory declaratory judgment action against its insured, there is a justiciable controversy before the court concerning the coverage of the insurance policy at issue. *See Troelstrup,* 712 P.2d at 1012 (an insurer may seek a declaration of its contractual responsibilities of defense and indemnification under the Uniform Declaratory Judgments Law in connection with a claim filed against a person who arguably qualifies as an "insured" under the insurance contract); *Hartford Ins. Group v. District Court,* 625 P.2d 1013, 1016 (Colo. 1981).

■ That is not the case if the injured party initiates the anticipatory action for declaratory relief against the other party's insurance company because the injured party has neither an enforceable judgment against nor a contractual relationship with either the insured or the insured's insurance company. *Farmers Ins. Exch. v. District Court,* 862 P.2d 944, 948 (Colo.1993). The injured party cannot satisfy the first requirement of a declaratory judgment action because that party

---

6. A court may refuse to enter declaratory judgment even though it has jurisdiction. *Lakewood Fire Protection Dist. v. City of Lakewood,* 710 P.2d 1124, 1126 (Colo.App.1985). For example, if the declaratory judgment will not terminate or afford relief from the uncertainty and controversy giving rise to the proceeding, a trial court may exercise its discretion to refuse to hear the action. *See People ex rel. Inter-Church Temperance Movement v. Baker,* 133 Colo. 398, 405, 297 P.2d 273, 277 (1956).

has no cognizable legal interest prior to entry of a judgment in the underlying case.

■ The obverse would be true as well. If the insurance company or the insured were to bring an anticipatory declaratory judgment action against the injured party only, there would be no justiciable issue presented. Here, however, the insurance companies brought declaratory judgment actions against their own insureds. Thus, the declaratory judgment action concerned a cognizable legal interest and presented a justiciable controversy.

■ Whether the injured party is a proper party to the action also requires consideration of the finality standard. New Hampshire included Constitution, the injured party, as a defendant in the declaratory judgment action. Since a declaratory judgment action cannot bind non-parties,[7] any entity or person with an existing or potential interest in the outcome should be named as a party in order to fully and finally resolve the controversy at issue.

> When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.

§ 13–51–115, 6A C.R.S. (1987). It was therefore proper for New Hampshire to name Constitution as a party defendant and, once joined, Constitution may fully participate in the action. In the case before us, when Platte Valley and RTC failed to defend the motion for summary judgment, Constitution was entitled to do so. Hence, we conclude that Constitution, as an allegedly injured party in the underlying action, may defend an anticipatory declaratory judgment as long as the action is properly initiated by a party with a legally cognizable claim.

### B.

■ In addition to presenting a justiciable controversy and satisfying the finality standard, an anticipatory action for declaratory relief must also concern issues that are independent of and separable from those in the underlying case. Without meeting this standard, a trial court should refuse to hear the action because of the potential prejudice to the parties in the underlying case.[8]

■ For example, where it could unduly prejudice the insured in the underlying action, a declaratory judgment action prior to entry of a judgment against the insured is not independent and separable and is inappropriate. *See, e.g., Hartford Ins. Group v. District Court,* 625 P.2d 1013 (Colo.1981). In *Hartford,* two trucks were involved in a collision and one driver sued the other driver and that driver's employer. The employer's insurance company sought a declaratory judgment that the employee driver's actions were not covered by the policy because they were outside the scope of employment and were, in effect, intentional rather than negligent. This court upheld the trial court's order stay-

---

7. Necessarily, then, American Motorists' declaratory judgment against PCA is not binding on Connecticut General. In *Connecticut General Life Insurance Co.,* the court of appeals held that a declaratory judgment action that preceded an underlying judgment was premature. The court also held that Connecticut General did not have a present interest in an anticipatory declaratory judgment proceeding and would not need to be named as a party thereto. Although we granted certiorari only on the timing issue, we reach the proper parties issue in *Connecticut General Life Insurance Co.* for the following reasons.

The court of appeals' holding and rationale was based on the timing issue; its finding regarding proper parties was not determinative of the case and was, therefore, dicta. Our reversal of the court of appeals decision on the timing issue, without addressing the necessary parties issue, would leave the case to turn on the court of appeals dicta. Furthermore, in order to be consistent and to fully resolve the issues, we are required to address the proper parties issue in *Connecticut General Life Insurance Co.* as well as in *New Hampshire Insurance Co.*

8. An exception to the requirement that the issues in the declaratory judgment action be independent of and separable from the issues in the underlying case may exist where all parties having an interest in the interpretation of the insurance policy stipulate to an early determination of coverage. *Beeson v. State Auto. & Casualty Underwriters,* 32 Colo.App. 62, 508 P.2d 402, *aff'd on other grounds,* 183 Colo. 284, 516 P.2d 623 (1973). We note, however, that the action should still present a justifiable controversy and include all parties necessary to resolve that controversy fully.

ing the declaratory judgment action until completion of the underlying lawsuit, because if the insured were forced to litigate the anticipatory declaratory action, he would have been prejudiced in the underlying case. *Id.* at 1018. Specifically, to prove that his actions were not intentional, the driver would have had to argue they were negligent. *Id.* at 1016. The defendant would then have been estopped from denying negligence in the underlying suit. *Id.* Clearly this would have prejudiced his defense in the underlying suit and, hence, permission to proceed with the declaratory action was correctly denied. *Id.* at 1018.

The independent and separable standard is used in several other jurisdictions for determining whether a declaratory action resolving the issue of insurer indemnification is appropriate while the underlying action is pending. *See, e.g., American Motorists Ins. Co. v. Artra Group, Inc.,* 338 Md. 560, 659 A.2d 1295, 1311 (1995) (affirming grant of declaratory judgment where the facts at issue in the underlying case did not intertwine with the question of coverage). *See also State Farm Fire & Casualty Co. v. Mhoon,* 31 F.3d 979 (10th Cir.1994) (allowing declaratory judgment action that involved "no undue interference" with the pending underlying case); *Maryland Casualty Co. v. Chicago & North Western Transp. Co.,* 126 Ill.App.3d 150, 81 Ill.Dec. 289, 466 N.E.2d 1091, 1095–96 (1984) (stating that although an insurer's declaratory judgment action brought prior to the determination of the insured's liability is generally premature, an exception exists where the declaratory judgment issues are separable from those in the underlying case).

■■■■ The independent and separable standard helps to clarify some confusion in the law regarding the interrelationship between an anticipatory declaratory judgment action and the insurer's duty to defend versus the insurer's duty to indemnify.[9] The duty to defend pertains to the insurance company's duty to affirmatively defend its insured against pending claims. The duty to indemnify relates to the company's duty to satisfy a judgment entered against the insured. The duty to defend is triggered more easily than is the duty to indemnify. Generally, the duty to defend arises where the alleged facts even *potentially* fall within the scope of coverage, but the duty to indemnify does not arise unless the policy *actually* covers the alleged harm. *See Hecla Mining Co. v. New Hampshire Ins. Co.,* 811 P.2d 1083, 1089–90 (Colo.1991). Where there is no duty to defend, it follows that there can be no duty to indemnify. However, where there is a duty to defend, there is not necessarily a duty to indemnify.

Declaratory judgment claims are more likely to be independent of and separable from the underlying litigation when the allegations in the underlying complaint do not even give rise to a duty to defend. Where that occurs, it may be appropriate to allow the insurer an opportunity to obtain an anticipatory declaration of its obligations towards its insured prior to the expenditure of considerable resources.[10]

---

9. Both of the opinions we review today rely on language from *Hecla Mining Co. v. New Hampshire Ins. Co.,* 811 P.2d 1083 (Colo.1991), which holds that "[a]ny determination of whether [the insurers] have a duty to indemnify Hecla is premature, and should not be made until the underlying claims are resolved." *Id.* at 1086 n. 5. The opinion in *Connecticut General Life Insurance Co.* relied in part on the court of appeals opinion in *New Hampshire Insurance Co.* In both cases, the court of appeals viewed the *Hecla* language as precluding the insurance companies' anticipatory declaratory judgment actions. *New Hampshire Insurance Co.,* 908 P.2d at 1165–66; *Connecticut General Life Insurance Co.,* 911 P.2d at 689–90. For the reasons set forth above, we find the court of appeals' interpretation to be overbroad.

10. Where the complaint alleges facts which "establish a reasonable likelihood that the alleged tortious conduct ... is excluded from coverage ...," the trial court, in its discretion, may hear an anticipatory declaratory judgment action, especially if doing so may save the expenditure of considerable resources. *Troelstrup,* 712 P.2d 1010, 1012 (Colo.1986). We leave for another day the question of whether unsupported allegations framed to trigger insurance coverage give rise to a duty to defend under *Hecla. See Nationwide Ins. v. Zavalis,* 52 F.3d 689, 694–95 (7th Cir.1995) (stating that an injured party may not dress up the allegations in order to avoid exclusions of coverage); *Peerless Ins. Co. v. Viegas,* 667 A.2d 785, 787–89 (R.I.1995) (inferring intent to cause harm in sexual abuse case despite injured party's allegations of negligence).

On the other hand, where the duty to defend has arisen, anticipatory resolution of coverage issues is more problematic. In *Hecla*, the insurance companies were found to have a duty to defend against the pending claims, with a reservation of rights if they so chose, despite uncertainty about the companies' ultimate duty to indemnify. *Hecla*, 811 P.2d at 1089, 1092. We concluded that the issue of coverage, or duty to indemnify would have to await final resolution of the underlying case. *Id.* at 1086. Hence, where there is a duty to defend, the duty to indemnify may not be neatly separable from the underlying facts.

However, even if, under *Hecla*, a duty to defend arises, there are circumstances under which an anticipatory declaratory judgment action would be independent of and separable from the underlying action and could be properly pursued. Examples of circumstances in which the insurance company may have a duty to defend, and may also be entitled to seek an anticipatory declaratory judgment on coverage issues, would be those in which the amount of coverage is at issue or in which two insurance companies have conflicting coverage.

Anticipatory declaratory judgment actions are more likely to be independent and separable from the underlying litigation in circumstances in which no duty to defend has arisen; however, even if a duty to defend exists, an anticipatory declaratory judgment action can be instituted if it qualifies under the criteria set forth in this opinion.

## V.

We reverse the court of appeals in *New Hampshire Insurance Co.* We hold that Constitution was a proper party to the anticipatory declaratory judgment action brought by New Hampshire against its insured, and that Constitution was entitled to contest New Hampshire's claims.

Although we differ in the reasoning, we affirm the result of the court of appeals opinion in *Connecticut General Life Insurance Co.* We conclude that Connecticut General is not bound by American Motorists' declaratory judgment action against PCA,

not because the action was premature, but rather because Connecticut General was not named as a party to that action.

We remand these cases back to the court of appeals with directions to proceed in accordance with this opinion.