In re **PROGRESSIVE CASUALTY INSURANCE COMPANY,** Plaintiff,

v.

Loren Kelly **HERRING;** and Katherine Diane Williams, as Conservator for Nikole Lynne Hoefner and Cassandra Rose Hoefner, Wards, Defendants.

**No. 01SA60.**

Supreme Court of Colorado, En Banc.

April 23, 2001.

Seaman and Giometti, P.C., Gregory R. Giometti, Karl A. Chambers, Denver, CO, Attorneys for Plaintiff.

John W. Dalton, Buena Vista, CO, Attorney for Defendant Katherine Diane Williams.

PER CURIAM.

In this original proceeding we make our rule to show cause absolute under C.A.R. 21(m). We hold that the trial court abused its discretion in staying the anticipatory declaratory judgment action of Progressive Casualty Insurance Company (Progressive Casualty), in the absence of applying the factors we identified in *Constitution Associates v. New Hampshire Insurance Co.,* 930 P.2d 556, 561 (Colo.1996).

Progressive Casualty brought its anticipatory declaratory judgment action pursuant to sections 13–51–101 to –115, 5 C.R.S. (2000) and C.R.C.P. 57,[1] to determine whether it had any duty to defend and indemnify Loren Kelly Herring (Herring) under its automobile insurance policy. It alleged that: (1) Herring was an insured person under the policy who was driving an insured vehicle at the time of an accident involving the death of his wife, Jacqueline Mae Hoefner–Herring (Hoefner–Herring); (2) Herring and Hoefner–Herring resided in the same household; (3) the policy expressly excluded the duty to defend or indemnify Herring for bodily injury sustained by a relative, living in his household, arising from his operation of the motor vehicle (household exclusion);[2] and (4) the conservator for Hoefner–Herring's two minor children had filed a negligence suit against Herring for their mother's wrongful death as the result of Herring's negligent operation of the vehicle.

In *Constitution Associates,* 930 P.2d at 561, we enunciated factors applicable to maintenance of an insurance company's anticipatory declaratory judgment action against an insured. These include: (1) whether the anticipatory declaratory judgment action is based on an actual controversy; (2) whether that action will fully and finally resolve the uncertainty and controversy as to all the parties with a substantial interest in the matter that could be affected by the judgment; and (3) whether the action is independent of and separable from the underlying action. *Id.*

Progressive Casualty named Herring and Katherine Diane Williams (Williams), conservator for the children, as party defendants to the anticipatory declaratory judgment action. Williams moved for a stay of the anticipatory declaratory judgment action until her underlying suit on behalf of the children against Herring for negligent operation of the insured vehicle was resolved. The sole grounds for the stay motion was that it would be "burdensome and unjust" for Williams to have to defend the anticipatory declaratory judgment action while maintaining the negligence action.

■ Maintenance of an anticipatory declaratory judgment is appropriate when: (1) the insurer asserts in good faith that its contract of insurance, as a matter of law, does not afford a duty to defend the person alleged to be liable in the underlying tort action, whom the insurer has undertaken to defend while the anticipatory declaratory judgment action is being resolved;[3] and (2) the persons affected by resolution of coverage questions are parties to the underlying

1. "Any person interested under a deed, will, written contract, or other writings constituting a contract ... may have determined any question of construction or validity arising under the instrument ... [or] contract ... and obtain a declaration of rights, status, or other legal relations thereunder." § 13–51–106; C.R.C.P. 57(b).

2. Progressive Casualty attached the insurance policy provisions as part of the appendix filed under C.A.R. 21(f)(2). We do not decide the household exclusion's legal effect. This must be resolved by the trial court if it determines that the anticipatory declaratory judgment action should proceed under the standards of *Constitution Associates.*

3. *See Constitution Assocs.,* 930 P.2d at 563.

tort action and to the anticipatory declaratory judgment action. The primary purpose in allowing anticipatory declaratory judgment actions in such a context is to enforce a valid insurance contract, when the existence of the policy's duty to defend and indemnify can be resolved as a matter of law. Application of the factors enunciated in *Constitution Associates* is the means by which the trial court determines whether the anticipatory declaratory judgment action should or should not proceed, when the defendant in the underlying tort action is relying on the duty to defend and indemnify under the policy, and when the resolution of these issues affects the plaintiff's ability to realize payment by the insurer on behalf of the defendant for the tort.

After Progressive Casualty filed a summary judgment motion for determination of the household exclusion's legal effect, the trial court issued a one-line order granting Williams's motion for stay of the anticipatory declaratory judgment action. In response to our rule to show cause, Williams has not pointed us to any disputed issues of fact regarding the insurance policy or the underlying tort action as it relates to the insurance policy. Additionally, there is nothing in the record before us to show that the trial court applied the factors enunciated in *Constitution Associates*.

Because it appears from the unrebutted posture of this original proceeding that Progressive Casualty had a proper basis for maintaining its anticipatory declaratory judgment action under the circumstances, the trial court should have proceeded to entertain the legal issues of the insurance contract upon summary judgment. The stay the court issued required the insurance carrier to either continue its defense of a person who, it alleged, had no legal basis for requiring it to defend, or, in the alternative, to discontinue the defense and risk a suit for bad faith refusal to defend. Hence, without making the appropriate findings, the trial court abused its discretion in staying the insurer's anticipatory declaratory judgment action until completion of the underlying negligence action.

Accordingly, we make the rule absolute and return this case to the trial court for application of the standards set forth in *Constitution Associates.*[4]

4. We express no opinion as to the outcome of the trial court's *Constitution Associates* analysis.