**GRANGE INSURANCE ASSOCIATION,**
Plaintiff–Appellant,

v.

**John P. HOEHNE, Karl F. Hoehne, and
Hoehne Brothers, a Minnesota general
partnership, Defendants–Appellees,**

and

Steven N. Kerns, Defendant.

No. 01CA1905.

Colorado Court of Appeals,
Div. I.

Aug. 1, 2002.

Seaman and Giometti, P.C., Donald A. Thorpe, Gregory R. Giometti, Denver, Colorado, for Plaintiff–Appellant.

Grimshaw & Harring, P.C., Richard L. Harring, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge CASEBOLT.

In this declaratory judgment action concerning insurance coverage, plaintiff, Grange Insurance Association, appeals the judgment dismissing its claim for declaratory relief against defendants, John P. Hoehne, Karl F. Hoehne, Hoehne Brothers partnership, and Steven N. Kerns. We affirm.

Grange issued insurance policies covering Kerns for enumerated risks. Hoehnes sued Kerns, alleging intentional misrepresentation in certain business dealings between them. Kerns requested Grange to provide a defense and indemnification under its policies for Hoehnes' claims. Grange then instituted this anticipatory declaratory judgment action against Kerns and Hoehnes to determine its obligations in the underlying action.

Kerns subsequently stipulated with Grange that the policies did not require it to defend or indemnify him for the claims asserted .in the underlying action. Upon Kerns' and Grange's joint request, the trial court approved Kerns' waiver of any claims for defense and indemnification against Grange and ordered that the case would proceed without Kerns' active participation.

Asserting that there was no justiciable controversy between Grange and themselves, Hoehnes then filed a motion to dismiss the action. The trial court granted the motion, and this appeal followed.

Grange contends that there is an actual, justiciable controversy permitting it to pursue its claim against Hoehnes and that the trial court therefore abused its discretion in dismissing the declaratory judgment action. We disagree.

■ The Uniform Declaratory Judgments Law, § 13–51–101, et seq., C.R.S.2001, authorizes declaratory actions to determine whether an insurer owes duties to defend and indemnify claims asserted against its insured in an underlying action. A judgment against the insured in the underlying case is not an absolute prerequisite to the filing of a declaratory action. Rather, declaratory relief may be obtained before the underlying claims have been determined. *Constitution Associates v. New Hampshire Ins. Co.*, 930 P.2d 556 (Colo.1996); *see also* C.R.C.P. 57; *Hartford Ins. Group v. Dist. Court*, 625 P.2d 1013 (Colo.1981).

■ The trial court has discretion to determine whether it should allow such an anticipatory declaratory judgment action to proceed. In exercising its discretion, the trial court applies a three-part test. First, there must be an actual, justiciable controversy, not the mere possibility of a future controversy. Second, the declaratory judgment must fully and finally resolve the uncertainty and controversy as to all parties to the dispute. Third, the declaratory action must be independent of and separable from the underlying action. *Constitution Associates v. New Hampshire Ins. Co., supra; see also Progressive Cas. Ins. Co. v. Herring*, 22 P.3d

66 (Colo.2001) (trial court must apply *Constitution Associates* factors).

Generally, if an insurer initiates an anticipatory declaratory judgment action against its insured, a justiciable controversy exists. However, no such controversy exists when the injured party initiates such a proceeding against the insurer, because the injured party has neither an enforceable judgment against the insured nor a contractual relationship with the insurer. Likewise, no justiciable controversy exists if an insurer brings such a proceeding against the injured party only. *Constitution Associates v. New Hampshire Ins. Co., supra.*

Whether there is a justiciable controversy under the *Constitution Associates* test depends, in part, on whether there is an actual controversy of sufficient immediacy and reality to warrant a declaratory judgment. *See Am. Family Mut. Ins. Co. v. Bowser*, 779 P.2d 1376 (Colo.App.1989).

Here, the trial court concluded that there was no actual, justiciable controversy between Grange and Hoehnes after Kerns waived any claim against Grange, and the dispute remaining between Grange and Hoehnes concerning Hoehnes' entitlement to payment from the policies was contingent on the result of the underlying action. Accordingly, it did not reach the second and third parts of the *Constitution Associates* test.

The trial court's ruling accords with *Farmers Insurance Exchange v. District Court*, 862 P.2d 944 (Colo.1993). There, the court concluded that an injured plaintiff in an underlying action lacks standing to bring a declaratory action against the defendant's insurer, because the plaintiff's right of action, if any, against the insurer is contingent on a judgment of liability against the insured defendant in the underlying action.

Grange nevertheless asserts that *Constitution Associates* allowed an injured party to defend an anticipatory declaratory judgment action under similar circumstances. We find *Constitution Associates* distinguishable.

*Constitution Associates* was a consolidated appeal of two related cases, one of which was factually similar to this case. *See New Hampshire Ins. Co. v. Constitution Associates*, 908 P.2d 1163 (Colo.App.1995), *rev'd*, 930 P.2d 556 (Colo.1996). There, the insurer initiated an anticipatory declaratory judgment action to determine its coverage obligations for a tort action against its insured. The insurer joined the allegedly injured party from the underlying action. The injured party and the insured, through its receiver, filed counterclaims, asserting that the insurer was obligated to cover the insured in the underlying action. The insurer then moved for summary judgment. The injured party responded to the motion, but the receiver for the insured did not. The trial court then dismissed the action as between the insurer and the injured party for lack of standing.

The supreme court reversed, concluding, inter alia, that because the insurer brought the action against its insured, there was a justiciable controversy in which the injured party, once joined, was entitled to participate. *Constitution Associates v. New Hampshire Ins. Co., supra.*

Of importance here, however, is that although the receiver for the insured in *Constitution Associates* did not respond to the motion for summary judgment, it neither withdrew from the case nor waived or conceded its coverage claim. Accordingly, the decision to permit the injured party to defend was animated by the continued vitality of the dispute between the insurer and the insured. The distinction harmonizes the holding of *Constitution Associates* with *Farmers.*

Here, Kerns explicitly waived any claim of coverage and withdrew from active participation in the case after seeking and obtaining the court's approval of his waiver. This change in the posture of the case makes it less like *Constitution Associates,* and more like *Farmers,* a dispute between the insurer and the injured party that is entirely contingent on the injured party's success in the underlying action. *See Farmers Ins. Exchange v. District Court, supra.*

We note particularly that Kerns' waiver resolved the duty to defend question that is most immediate in this type of coverage dispute. Absent resolution of this issue before determination of the underlying action, an

insurer may be forced either to defend a party to whom it believes it owes no such duty or risk a suit for bad faith refusal to defend. *See Progressive Cas. Ins. Co. v. Herring, supra; see also Hecla Mining Co. v. New Hampshire Ins. Co.*, 811 P.2d 1083 (Colo.1991).

By contrast, deferring determination of the indemnification issue here creates no such dilemma. That issue is subject to litigation between Grange and Hoehnes if Hoehnes obtain a judgment and seek to garnish Kerns' interest in the insurance policies. Moreover, as the trial court noted, a defense verdict or a settlement in the underlying action would moot the issue.

For these reasons, we conclude that the trial court acted within its discretion in declining to render an anticipatory declaratory judgment under these circumstances. *See Buckmiller v. Safeway Stores, Inc.*, 727 P.2d 1112 (Colo.1986)(in applying controlling legal standard, court retains discretion).

We are not persuaded to alter our analysis by *Allstate Insurance Co. v. Hayes*, 442 Mich. 56, 499 N.W.2d 743 (1993), upon which Grange relies. There, construing Michigan's Uniform Declaratory Judgments Law under similar facts, the court held that an anticipatory declaratory action may proceed between the insurer and the injured party despite the insured's default in that action. The court reasoned primarily that once the jurisdiction of the court has been successfully invoked at the outset of the case, subsequent events could not divest the court of jurisdiction. *See also Hawkeye–Security Ins. Co. v. Schulte*, 302 F.2d 174 (7th Cir.1962).

However, considerations of jurisdiction are not frozen at the moment that a plaintiff files the complaint, but may be reexamined. A party's standing and the court's subject matter jurisdiction may be raised at any stage of an action. *Medina v. State*, 35 P.3d 443 (Colo.2001); *Ajay Sports, Inc. v. Casazza*, 1 P.3d 267 (Colo.App.2000).

Events after the joinder of interested parties also may affect their standing or the court's jurisdiction. For example, an action that initially presents an actual contro-versy may later be rendered moot if a change in circumstances eliminates the prospects for meaningful relief. *See Zoning Bd. of Adjustment v. DeVilbiss*, 729 P.2d 353 (Colo.1986)(landowner's failure to seek temporary injunction concerning construction project rendered moot his claim for permanent injunction when construction was completed). Accordingly, we decline to adopt a rule that would prohibit a court from recognizing changed circumstances that may affect justiciability.

In any event, even the *Hayes* court recognized that a trial court may refuse to exercise its discretion to enter a declaratory judgment in an action where, as here, only the insurer and the injured party are active participants. *See also Constitution Associates v. New Hampshire Ins. Co., supra* (court may refuse to enter declaratory judgment even though it has jurisdiction). By our decision today, we conclude likewise.

In view of this determination, we need not address Hoehnes' arguments about the second and third parts of the *Constitution Associates* test.

The judgment is affirmed.

Judge DAVIDSON and Judge STERNBERG,* concur.